WILLIAM B. DODD, Plaintiff in Error, *vs.* GEORGE CADY, Defendant in Error.

A Justice of the Peace has exclusive jurisdiction, where the amount claimed does not exceed fifteen dollars.

No appeal will lie from a judgment of a Justice of the Peace, unless it exceeds fifteen dollars, exclusive of cost.

And a waiver or consent of parties will not confer jurisdiction in the District or Supreme Court.

ERROR FROM THE DISTRICT COURT OF RAMSEY COUNTY.

The facts in the case appear in the opinion of the Court.

The Defendant (the Plaintiff in ·Error) will rely in argument upon the following points and authorities :

*First.* The District Court had no jurisdiction of the action, the judgment of the Justice of the Peace being for a sum less than fifteen dollars. *Minnesota Statutes, page* 315, *Secs.* 123, 128, 137, *page* 309, *Sec.* 87, *page* 318, *Sec.* 154.

*Second.* The judgment of the Justice of the Peace and the judgment of the District Court were each for a greater sum than the Plaintiff sued for.

*Third.* The judgment of the District Court was against the Defendant alone, whereas if judgment was rendered against him at all, it ought to have been a joint judgment against him and the surety in the recognizance for the appeal. *Minnesota Statutes, page* 316, *Sec.* 134.

*Fourth.* The Plaintiff in error may assign as error the want of jurisdiction in the Court, in a suit instituted by himself, and he may take advantage of such error. *Caspan vs. Noordeen,* 2 *Cranch* 126. 1 *Cond. Rep.* 370.

Points and authorities to be used by Defendant in error.

*First.* The Plaintiff in Error did not object to the legality of his appeal in the Court below, as he ought to have done, and as he can do now, it being a question of jurisdiction, and it was not error in the District Court not to notice the alleged illegality unless the same was brought to its attention and a decision thereupon given. *Colden vs. Knickerbocker,* 2 *Cow.* 31.

*Second.* The judgment of the Justice of the Peace rendered in this action on the 23d day of March, 1852, was for $16.72, and, therefore, the Defendant was entitled to an appeal. (*Sec.* 123, *R. S.,* 315.) The Statute refers to the amount of the judgment, and this Court will not go behind the judgment to ascertain from what items it was made.

*Third.* The Plaintiff in error having himself taken the appeal from the judgment of the Justice, cannot here complain of his own error, nor ask this Court to correct it.

Dodd *v.* Cady.

*Fourth.* The judgment of the Justice being confessedly and clearly correct, this Court cannot legally reverse it, and even if the judgment of the District Court were erroneous, still the judgment of the Justice must stand, and a judgment, if reversed, would be improper.

*Fifth.* It is proper and just that the judgment of this Court, and the costs following it, should be imposed upon the Plaintiff in error, who is the party in fault, if any there be.

L. EMMETT, Counsel for Plaintiff in Error.

HOLLINSHEAD & BECKER, Counsel for the Defendant in Error.

*By the Court*—SHERBURNE, J. This action was brought originally before a Justice of the Peace, who gave judgment for the Plaintiff in the sum of $14.32 damages, and $2.40 costs of suit, from which an appeal was taken to the District Court, where the judgment below was affirmed; and comes before us upon writ of error.

The only error alleged which we deem material is, "that "the District Court had no jurisdiction of the action, the judg-"ment of the Justice of the Peace being for a sum less than "$15.00."

We are of the opinion that a reasonable construction of the Statute divests both this Court and the District Court of jurisdiction of the cause.

It is urged by the Defendant in Error that the Plaintiff having himself brought the action into the District Court, cannot now object that the Court below was wanting in jurisdiction of the cause. If the objection to the jurisdiction was a mere irregularity in the proceedings, it might be cured by consent of the parties. This is not, however, a mere irregularity in the proceedings, but goes to their foundation. It is not the form of the proceedings which took from the District Court jurisdiction of the cause, but it was their substance. A Justice of the Peace might as well try a question involving the title to real estate, or a crime over which he has no jurisdiction, as this Court or the District Court can try a cause over which a Justice of the Peace has exclusive jurisdiction.

It is urged that inasmuch as the damages and costs together exceeded $15.00, the case comes within the provision of the Statute, and is appealable. Such a construction, however, seems, in the opinion of the Court, to be opposed, not only to the letter of the Statute, but also to the reason of it. It could hardly have been the design of the Legislature that parties should be permitted to appeal from a Justice of the Peace to a higher Court, merely on account of a bill of costs, when the question of costs was not at issue. Good policy, perhaps, requires that the higher Courts shall not be perplexed with small and unimportant suits at law. The Legislature has thought proper to limit them to the sum of $15.00. If, however, the opposite construction is adopted, and costs are included in the term judgment, as found in the Statute, it would often be in the power of either party to appeal from a judgment for a nominal sum, and the mere incident of the costs would control the jurisdiction of the Court. With, perhaps, the exception of a single case, I have found no instance in which the mere matter of costs has been allowed to confer jurisdiction, when the costs were not in question. There can be no doubt that it is wrong in principle, and as before stated, I think such was not the intention of the Statute. The objection should have been taken in the District Court, and we are not disposed to look with favor upon a practice which leads to unnecessary costs. The decision is made, not in accordance with the wishes of the Court, under the circumstances, but in obedience to a plain Statute provision.

Proceedings dismissed without costs to either party.