## DUSOLD v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit.    February 3, 1921.)

No. 2926.

Intoxicating liquors ⟨☞⟩242—Imprisonment may be imposed for first offense of illegal selling.

A defendant convicted for the first time of selling whisky in violation of National Prohibition Act Oct. 28, 1919, tit. 2, § 6, *held* subject to a sentence of imprisonment under section 29 of that title.

In Error to the United States District Court for the Eastern District of Wisconsin.

Criminal prosecution by the United States against Harry Dusold. Judgment of conviction, and defendant brings error.    Affirmed.

D. S. Rose, of Milwaukee, Wis., for plaintiff in error.
H. A. Sawyer, of Milwaukee, Wis., for the United States.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

PER CURIAM.    Error is assigned because the court imposed a jail sentence on plaintiff in error who was convicted for the first time of violating sections 3 and 6, tit. 2, of the National Prohibition Act. Section 29, tit. 2, of the act reads as follows:

"Any person who manufactures or sells liquor in violation of this title shall for a first offense be fined not more than $1,000, or imprisoned not exceeding six months, and for a second or subsequent offense shall be fined not less than $200 nor more than $2,000 and be imprisoned not less than one month nor more than five years.

"Any person violating the provisions of any permit, or who makes any false record, report, or affidavit required by this title, or violates any of the provisions of this title, for which offense a special penalty is not prescribed, shall be fined for a first offense not more than $500; for a second offense not less than $100 nor more than $1,000, or be imprisoned not more than ninety days; for any subsequent offense he shall be fined not less than $500 and be imprisoned not less than three months nor more than two years. It shall be the duty of the prosecuting officer to ascertain whether the defendant has been previously convicted and to plead the prior conviction in the affidavit, information, or indictment. The penalties provided in this act against the manufacture of liquor without a permit shall not apply to a person for manufacturing nonintoxicating cider and fruit juices exclusively for use in his home, but such cider and fruit juices shall not be sold or delivered except to persons having permits to manufacture vinegar."

Plaintiff in error, having violated the act by selling whisky, relies upon section 4, tit. 2, to justify a construction that would relieve him of a jail sentence punishment.    It is contended that a fair construction of the entire act discloses the congressional intent to limit jail sentences to those first offenders only who have violated section 4.    All other offenders must be punished, so it is urged, as provided in the omnibus provision of the second paragraph of section 29.

It is apparent to us that Congress, not having specifically provided penalties for violations of certain sections of the statute (3, 4, 6, and

⟨☞⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

10), made provision for the punishment in a single section, namely, 29. By the first paragraph of this section, the maximum and minimum penalties were prescribed for those who violated the law either by the manufacture or by the sale of "liquor." By the second paragraph, the other offenses for which no specific penalty had been fixed were covered. The second paragraph cannot apply to sales of liquor because a specific penalty therefor has already been prescribed in the preceding paragraph.

Section 4 does not aid plaintiff in error. It merely provides:

"Any person who shall knowingly sell any of the articles mentioned in paragraphs a, b, c, and d of this section for beverage purposes, or any extract or sirup for intoxicating beverage purposes, or who shall sell any of the same under circumstances from which the seller might reasonably deduce the intention of the purchaser to use them for such purposes, or shall sell any beverage containing one-half of 1 per centum or more of alcohol by volume in which any extract, sirup, or other article is used as an ingredient, shall be subject to the penalties provided in section 29 of this title."

This provision, in view of section 29, was inserted ex industria, perhaps due to an overabundance of caution. That it could not restrict the very clear and express provision of the first paragraph of section 29 is, we think, manifest. If the penalty reference in section 4 was referrable solely to the first paragraph of section 29 (an unjustifiable assumption in itself), it could not have been intended to define the only prohibited act to which this paragraph of section 29 applied. For the above-quoted part of section 4 refers only to violators who "sell," whereas paragraph 1 of section 29 includes those who manufacture as well as those who sell.

If the reference to section 29 found in section 4 of the act limited the scope of the penalty section to sales in violation of section 4, then to what did the punishment for manufacturing liquor, found in the same paragraph, apply? Certainly, one section cannot be limited in its application to instances referred to in another section when the language of the former is more comprehensive than the instances enumerated in the latter.

But it is idle to pursue the discussion further. The language of section 29 is so clear and free from uncertainty and ambiguity that we waste time and space in considering theories which, if adopted, would necessarily do plain violence to clear and unequivocal English. When the language is clear and unambiguous, there is no occasion for the invocation of any aids such as rules of construction, for the ascertainment of the legislative intent. 25 R. C. L. 962.

The judgment is affirmed.