STATE OF MINNESOTA *vs.* GEORGE McCRUM.

January 30, 1888.

Criminal Law—Abduction.—To constitute abduction, within the meaning
of subdivision 2, § 240, Penal Code, the place into which the female is
inveigled or enticed must be a house of ill fame or of assignation, or a
place of similar character.

The defendant was tried and convicted in the district court for
Hennepin county, before *Young*, J., and a jury, on an indictment for
abduction, and appeals from an order refusing a new trial.

*Thos. J. Leftwich*, for appellant.

*Moses E. Clapp*, Attorney General, and *Frank F. Davis*, for the
State.

GILFILLAN, C. J.    Defendant was indicted under subdivision 2, sec-
tion 240, Penal Code, which reads: "A person who · * * * in-

veigles or entices an unmarried female under the age of twenty-five (25) years, of previous chaste character, into a house of ill fame, or of assignation, or elsewhere, for the purpose of prostitution or sexual intercourse, * * * is guilty of abduction." The indictment alleges that he did inveigle and entice the female named into a certain dwelling-house, for the purpose of there and then having sexual intercourse with her, but fails to allege, and the evidence did not show, that the house was a house of ill fame, or of assignation, or a house of a similar character; so that the question occurs, must the place into which the female is inveigled or enticed, for the purpose specified, be similar in character, or the purposes for which it is used, to a house of ill fame or of assignation, or is the offence committed by inveigling or enticing the female to any place without regard to its character, if done with the specified purpose? As bearing on the construction of the subdivision in this particular, we may refer to subdivision 1, which makes it an offence to take a female under the age of 16 years for the purpose of prostitution or sexual intercourse, without regard to the place or its character, so that, no matter where such a female is taken for such a purpose, it is a crime. Now, unless the word "elsewhere," used in subdivision 2, is to be construed to mean some place similar in character to a house of ill fame or of assignation, then the subdivision is really a repetition of subdivision 1, merely extending its provisions so as to include females up to the age of 25. No reason can be suggested for such a repetition; and a good reason is apparent why females under the age of 16 should be guarded by a more rigorous provision than those of maturer years.

Again, the words "house of ill fame or of assignation" are entirely superfluous if they are not used to indicate, to some extent, to what kind of place the female must be inveigled or enticed. If the legislature had intended the character of the place to be no element in the offence, it would naturally have used such words as "into any place," instead of "into a house of ill fame, or of assignation, or elsewhere." The subdivision presents a case where particular words of description are followed by a general word; that is, words of a specific and limited meaning are followed by a word not so specific and limited. In such cases the rule of interpretation is that, unless there be a clear

manifestation of a different legislative intent, the general words are to be construed as applicable to persons or things or cases of like kind as are designated by the particular words. Bishop, Stat. Crimes, §§ 245, 246, and cases cited. So, in *Berg* v. *Baldwin,* 31 Minn. 541, (18 N. W. Rep. 821,) the court in construing sections 269, 270, chapter 66, Gen. St. 1878,—which subject to treble damages any person who "shall carry off, use, or destroy any wood, timber, lumber, hay, grass, or *other personal property* of another person," etc.,—held that the words "*other personal property*" should be confined to things *ejusdem generis* with those enumerated; that is, such as are produced by and grown upon land. In *Carpenter* v. *People,* 8 Barb. 603, in considering a similar statute, the court said, (p. 610 :) "The statute, by declaring that, in order to constitute the offence, the female must be taken away, etc., for the purpose of prostitution at a house of ill fame, assignation, or *elsewhere,* has plainly indicated that the prostitution which the legislature had in view was that of the female to the lustful appetites of men *at any place* where prostitution of the character common at houses of ill fame or assignation is practised." In the subdivision before us, we consider the character of the place into which the female is inveigled or enticed an essential element of the offence, and that it must be a place used to some extent for purposes of prostitution or assignation; and that, unless it has previously been so used, the offence does not come within the subdivision.

Order reversed.