L. TRAUTMANN and Others v. J. E. McLEOD and Others.

October 31, 1898.

Nos. 11,419—(216).

Village of Reads—Trustees of Village Acting as School Board—Sp. Laws 1868, c. 34—Presumption.

In the absence of any contrary showing, the fact that the trustees of the village of Reads have for 30 years always acted as, and performed the duties of, a school board, under Sp. Laws 1868, c. 34, entitled "An act to incorporate the village of Reads," at least raises a presumption that the trustees had duly accepted the provisions of said act relating to the common schools of the village.

Same—Special Act not Repealed by G. S. 1894, § 3665—Women Voting in School Elections.

Laws 1877, c. 74, subc. 1, § 13 (G. S. 1894, § 3665), giving women the right to vote at school elections, and making them eligible to any office pertaining solely to the management of schools, did not repeal the provision of the special act incorporating the village of Reads, that the trus-

tees of the village should be trustees of the special school district comprising the territory constituting the village.

Action in the district court for Wabasha county to enjoin defendants from acting as trustees of a school district. The cause was submitted to the court, Snow, J., upon an agreed statement of facts, and judgment was ordered in favor of plaintiffs. From the judgment entered pursuant to the order, defendants appealed. Affirmed.

*George H. Selover,* for appellants.

*Campbell & Campbell,* for respondents.

MITCHELL, J.

This action, as originally commenced, was brought by the plaintiffs, alleging that they were the lawful trustees of the school district consisting of the territory embraced in the village of Reads, to enjoin the defendants from exercising or attempting to exercise any of the duties or powers of the office of trustee of said school district. The defendants interposed a demurrer to the complaint, but on the hearing the case was submitted to the court upon an agreed statement of facts, upon which, it was stipulated, the court might direct judgment of ouster against either party; thus practically converting the action into one in the nature of quo warranto, to determine which of the parties were the lawful trustees of the district. All questions of practice or as to the form of the remedy were waived by counsel for the defendants, his desire being to obtain a decision on the merits.

It is stipulated that the village of Reads was incorporated, and was made and constituted a special school district, by Sp. Laws 1868, c. 34, entitled "An act to incorporate the village of Reads," which provides, among other things, that

"The territory described in this act as the village of Reads shall be and constitute but one school district, and the trustees of said village shall be the trustees of said school district and shall be subject to the same regulations and possess the same powers and authorities under the general laws of this state as trustees of other school districts possess and enjoy: provided, that the clerk of said village shall be clerk of said school district, and the treasurer of such village shall be treasurer of such district: provided, that so

much of this section as relates to schools shall have no force or effect until a majority of the trustees of said village shall, at a regular meeting of the board, vote to accept and be governed by the provisions of this section relating to common schools of said village."

It is under the provisions of this act that the plaintiffs claim the offices of trustees of the school district.

1. The first point made by defendants' counsel is that it does not appear that these provisions of the act ever became operative, for the reason that it nowhere appears that they were ever formally accepted by the board of trustees of the village. It is stipulated as a fact that

"From that time [the passage of this act] until this [June 18, 1898] the board of trustees of said village has ever acted as and performed the duties of the school board under said act."

Waiving the question whether the assumption and performance of the duties of school trustees for so many years would not of itself amount to an acceptance of the provisions of the act, it is sufficient to say that, in the absence of any contrary showing, the presumption is that the trustees of the village acted lawfully in assuming and performing the duties of a school board, and hence that the provisions of the act were duly and formally accepted. It would also seem that the point is foreclosed by the stipulation that the village was by the act of 1868 made and constituted a special school district, for the provision to that effect would appear to be as fully subject to the acceptance of the village trustees as any of the other provisions relating to schools.

2. The next and main point made by counsel is that the provision of the special act of 1868, providing that the trustees of the village should be the trustees of the school district, if it ever became operative, was, by implication, repealed by the adoption in 1875 of section 8, art. 7, of the constitution, granting the legislature power to provide by law that any woman of the age of 21 years and upwards may vote at any election held for the purpose of choosing any officers for schools, and might also provide that any such woman shall be eligible to hold any office pertaining solely to the management of schools; also, by the enactment of Laws 1877, c. 74,

subc. 1, § 13 (G. S. 1894, § 3665), giving women the right to vote at school elections, and to hold school offices, in substantially the terms of the constitutional amendment above referred to. The last section of this act (G. S. 1894, § 3853) repeals all acts and parts of acts inconsistent with its provisions.

Counsel's line of argument is substantially that the provisions of the act of 1877 giving women the right to vote at elections held for the purpose of choosing any officer of schools, and the right to hold any office pertaining solely to the management of schools, are inconsistent with the provision of the special act of 1868, that the trustees of the village of Reads shall be the trustees of the school district, because, being elected at the general village election, and their duties not pertaining solely to the management of schools, women can neither vote for nor hold the office; therefore the act of 1877 repealed the provision of the act of 1868 making the trustees of the village ex officio trustees of the school district, and relegated the district to the condition of a common-school district, in which school officers must be elected in accordance with the provisions of the general school law. It is by virtue of an alleged election at a pretended school meeting of this character held in June, 1898, that the defendants claim title to the offices of school trustees.

It is not apparent to us from this argument how the special school district created by the act of 1868 has become converted into a common-school district under the general law.

But, waiving this question, we are of the opinion that counsel is wholly in error as to the effect of the act of 1877. In the first place, it will be noted that the constitutional amendment of 1875 is neither self-executing nor mandatory. It is merely permissive, and leaves it wholly with the legislature to determine whether it will give women the right to vote at school elections, and to hold exclusively school offices, and, if so, when and to what extent. As is aptly said by the trial court, the act of 1877 was merely intended to confer upon women the right to vote only when and where the opportunity or occasion contemplated by these provisions then existed, or might thereafter be created. It would cause great confusion in many special school districts, and in some cities, and possibly counties, to hold that the provisions of the act of 1877 in

74 M.—8

favor of women had the effect of entirely changing then existing modes of officering such districts. For example, in some cities the members of the board of education are appointed by the mayor. In one county the county superintendent of schools was appointed formerly by the governor. According to counsel's argument, the effect of the act of 1877 was to bring all these cases under and subject to the provisions of the general school law, both as to the number and character of school officers, and also as to the manner of choosing them. To accomplish any such result, the act of 1877 must not merely repeal prior existing legislation, but also operate, by implication, as new, affirmative legislation as to the number and nature of school officers, and the manner of choosing them. The act was never intended to have any such sweeping effect. Our conclusion, therefore, is that it did not repeal the provisions referred to of the special act of 1868.

3. The third point made by counsel is that the special act of 1868, as amended by Sp. Laws 1891, c. 51, was entirely repealed by Laws 1895, c. 390, thus abolishing the village, and also either abolishing the school district and the office of trustee thereof, or else changing it into a common-school district, subject to all the provisions of the general law relating to school officers, and the manner of electing the same. This is an important question, but it is neither presented nor raised by either the stipulated facts or the assignments of error.

Upon the facts presented by the record, and raised by the assignments of error, the judgment of the trial court must be, and hereby is, affirmed.