STATE ex rel. WALLACE B. DOUGLAS v. VILLAGE OF READS and
Others.

April 21, 1899.

Nos. 11,649—(26).

**Repeal of Statute—Village of Reads.**
> The express repeal of the then existing charter of the village of Reads
> (Sp. Laws 1891, c. 51) by Laws 1895, c. 390, did not revive the village
> charter originally enacted by Sp. Laws 1868, c. 34. The act of 1895 took
> effect February 6, 1896, and on that day the village of Reads ceased to
> exist.

Writ of quo warranto isssued from the supreme court against
the village of Reads, Albert Gauger and others, requiring respond-
ents to show by what right they claimed to exercise the franchises
and rights of such municipal corporation and the rights, powers,
and duties of the offices of trustees of said village, and why they
should not be decreed to have usurped said franchises and offices,
and why said corporation should not be annulled. Judgment of
ouster.

*W. B. Douglas*, Attorney General, and *Geo. H. Selover*, for relator.
*Campbell & Campbell*, for respondents.

COLLINS, J.

Writ of quo warranto, issued upon the relation of the attorney
general, against the village of Reads, and several persons alleged
to be acting as village trustees, to obtain a decree declaring and
adjudging that said village has ceased to exist, and, as a conse-
quence, that there are no trustees thereof. The question involved
was attempted to be presented in Trautmann v. McLeod, 74 Minn.
110, 76 N. W. 964, and is referred to in the third subdivision of the
opinion.

The original charter of the village of Reads is Sp. Laws 1868, c.
34. Slight amendments, of no consequence here, were made at
different legislative sessions thereafter. Later, an act to amend
the charter was passed (Sp. Laws 1891, c. 51), the first section of
which provided that the 1868 statute incorporating the village, and

the several acts amendatory thereof, should be amended "so as to read as follows." Then followed a full and complete village charter, somewhat different in form, but not materially differing from the one then existing. All acts or parts of acts inconsistent with its provisions were expressly repealed, but all ordinances, resolutions, and by-laws of the village then in existence were continued in force. The boundaries of the village were extended, and a change was made as to the day on which the village election was to be held, but there were no noticeable departures from the 1868 act. It is evident that this charter was designed to and did wholly supersede the original act of incorporation as amended.

By Laws 1895, c. 390, the act of 1891 was repealed in express terms, the only reservation being that the repealing statute was not to take effect until February 6, 1896, two days after the day fixed for the next ensuing village election; so that corporate entity and corporate powers were continued until the expiration of the year for which village officers had already been elected. The charter as it stood in 1891 was, by implication, repealed by the legislation of that year, and the repeal in 1895 of this legislative act did not revive such charter. G. S. 1894, § 258. The village of Reads ceased to exist February 6, 1895.

Let judgment be entered in conformity with this opinion.