## Commonwealth *v.* Bowser, Appellant.

See 61 Pa. Superior Ct. 107, 114.

DISSENTING OPINION BY KEPHART, J., October 11, 1915:

Our objection to the majority opinion is based on the construction of the words "inveigling or enticing into a house of ill-fame or assignation or elsewhere, &c." We prefer to rest our opinion on the construction of similar language as made by the Supreme Court of the State of Minnesota as reported in State v. McCrum, 38 Minn. 154, 36 N. W. 102: "Again, the words 'house of ill-fame, or of assignation' are entirely superfluous if they are not used to indicate to some extent to what kind of place the female must be inveigled or enticed.' If the legislature had intended the character of the place to be no element in the case it would naturally have used such words as 'into any place,' instead of 'into a house of ill-fame, or of assignation or elsewhere.' The sub-division presents a case where particular words of description are followed by a general word; that is words of a specific or limited meaning are followed by words not so specifically limited. In such cases the rule of interpretation is that unless there be a clear manifestation of a different legislative intent the general words are to be construed as applicable to persons or things or cases of like kind as are designated by the particular words......In the sub-division before us we consider the character of the place into which the female is inveigled or enticed an essential element of the offense, and that it must be a place used to some extent for the purposes of prostitution or assignation and that unless it has previously been so used the offense does not come within the sub-division."

Judge TREXLER concurs in the dissenting opinion.