IN RE CONSOLIDATION OF SCHOOL DISTRICT NO. 30 AND
OTHERS v. CONSOLIDATED SCHOOL DISTRICT NO.
30, JOINT OF STEELE AND FREEBORN COUNTIES.[1]

December 23, 1921.

No. 22,694.

**Consolidation of school districts—construction of statute.**
   1. Where the facts are such that section 5, c. 238, Laws 1915, is
applicable, proceedings to consolidate school districts must be initiated
under that section and not under the first section of the act.

**Construction of proviso.**
   2. The first proviso in section 5 does not apply to a school district
containing only a part of the territory of an incorporated village. The
word "district" in the second proviso refers to a school district.

**Statute—meaning of general words following words of specific meaning.**
   3. As a general rule, when a statute contains words having a specific
meaning followed by others of a general meaning, the latter are to be
construed as applicable only to things of a like nature to those desig-
nated by the former.

**Effect of taking appeal.**
   4. An appeal from an order consolidating school districts suspends
the operation of the order while the appeal is pending.

From an order of the county superintendent of schools of Steele
county, granting a petition for the consolidation of common school
districts Nos. 38, 30, 67, 74 and 88 in that county and Nos. 83 and
114, joint districts in Steele and Freeborn counties, into Consoli-
dated School District No. 30, the common school districts appealed,
with the exception of No. 67, to the district court for Steele county,
on the ground that officers having charge of the consolidation pro-
ceedings had no jurisdiction and that the proceedings were void and
contrary to the laws of the state. The appeal was heard by Child-
ress, J., who made findings, affirmed the order of the superintendent

[1]Reported in 185 N. W. 961.

of schools and dismissed the appeal. Appellants' motion for amended findings of fact was granted, their motion for amended conclusions or for a new trial was denied. From the order denying their motion for a new trial, and from the judgment entered pursuant to the order for judgment, appellants appealed. Affirmed.

*Norman E. Peterson* and *Moonan & Moonan,* for appellants.

*Leach & Leach,* for respondent.

LEES, C.

In March, 1921, petitions in proper form for the consolidation of School Districts Nos. 30, 38, 67, 74 and 88, in Steele county, and Nos. 83 and 114, a joint district in Steele and Freeborn counties, were presented to the county superintendent of Steele county. Notice of a school meeting to vote on the proposed consolidation was duly given and an election held, at which 343 votes were cast, 229 for and 114 against consolidation. The county superintendent made an order consolidating the districts, and all except No. 67 appealed therefrom to the district court. The trial court made findings upon which judgment was entered, affirming the order of the county superintendent. A motion for a new trial had been made and denied and this appeal is from the order. Thereafter an application was made to this court for an order restraining the respondent and its officers from taking possession of the property of the districts appealing. It was made on the ground that, while the appeal was pending, all the proceedings under the superintendent's consolidation order and the district court judgment were stayed. Decision of the question presented by the application was deferred until the appeal could be heard and disposed of.

The districts appealing were common school districts. District No. 67 included within its boundaries all of the territory of the village of Ellendale, except 120 acres which lay within the boundaries of District No. 88. Three persons qualified to vote at school elections resided on this tract. The village has an area not exceeding one mile square and contains a voting school population in excess of 100 and a total population, according to the last Federal census, of 367. At the general election held in the village in Novem-

ber, 1920, 160 votes were polled. The voting population of School District No. 67 is about 200. The voters in that district, including those residing in the village of Ellendale, participated in and voted at the consolidation election. Appellants contend that they had no right to vote and that the election was void.

District No. 67 maintains a state graded school located in the village of Ellendale. The proceedings were had under chapter 238, p. 336, Laws of 1915, as amended by chapter 410, p. 621, Laws of 1917. Section 1 of the earlier act, so far as here material, reads:

"Two or more school districts of any kind may consolidate either by the formation of a new district or by the annexation of one or more districts or unorganized territory to an existing district in which is maintained a state graded, semi-graded, or high school, as hereinafter provided. A district so formed by consolidation or annexation shall be known as a consolidated school district."

Section 5 of the 1915 act, as amended by the 1917 act, p. 621, reads:

"In like manner, one or more school districts may be consolidated with an existing district in which is maintained a state high or graded, or semi-graded school in a district containing an incorporated village * * * Provided, however, that in case of consolidation with a school district in which there is maintained a state high or graded, or semi-graded school in a district containing an incorporated village, consolidation shall be effected by vote of the rural school districts only, in the manner provided under this act, and by the approval of such consolidation * * * with the one in which there is maintained a state high or graded, or semi-graded school in a district containing an incorporated village, by the school board thereof.

"Provided that the provisions in this section shall be applicable to a district that has an area not exceeding one (1) mile square in which there is contained a voting school population of one hundred (100) voters or more."

The proceedings were initiated under section 1. Appellants insist they should have been initiated under section 5. Respondent

contends that it was optional with the petitioners to proceed under either section even if section 5 is held to be applicable. In this we do not concur. Where the facts are such that section 5 is applicable, the proceeding should be brought under that section. If petitioners may proceed under section 1 whenever they so desire, there was neither necessity nor reason for the enactment of section 5 and the legislature has been needlessly industrious in passing other acts relating to the consolidation of school districts, such as chapter 453, p. 757, Laws of 1917, and chapter 441, p. 682, Laws of 1921.

In a proceeding under section 1 the qualified electors in all of the districts to be consolidated have a right to vote, but in a proceeding under section 5 only those in the rural districts may vote. The voting strength of District No. 67 outweighed that of all the other districts combined and necessarily controlled the result of the election. The question to be determined is whether this body of electors, under the existing circumstances, had the right to vote at the consolidation election. Exceptions, provisos and classifications have been engrafted on the statutes relating to the organization and consolidation of school districts in attempts to adapt the law to the necessities of some particular district or group of districts. The volume of legislation and the acts that have overlapping provisions have led to difficulty in ascertaining whether or no a given provision applies to a particular case. This case is an instance of the sort. Section 1 applies to the consolidation of school districts of any kind and is broad enough to warrant the proceedings which were taken. Section 5, omitting the provisos, contains no language which would raise a doubt as to the right of the electors in District No. 67 to vote at the election. The first proviso excludes the voters in a district containing an incorporated village from participating in the election. District No. 67 does not contain the whole of the village of Ellendale. Part of its territory lies in District No. 88. We are of the opinion that the first proviso does not apply, unless the school district contains all the territory of the village.

The second proviso extends the provisions of section 5 to districts having a prescribed area and population. Appellants contend that this does not refer to school districts, but to bodies of land having

the characteristics mentioned in the proviso. Citing section 2672, G. S. 1913, they say the proviso cannot refer to school districts because they must contain at least four sections of land. As applied to common and independent districts, the statement is correct. But in addition to such districts there are special school districts. Section 2671, G. S. 1913. It is a matter of common knowledge that many such districts have been created by special act of the legislature. From a cursory examination we find that such districts were created by chapter 56, p. 332, Sp. Laws 1868; chapter 114, p. 341, Sp. Laws 1874; chapters 168 and 171, pp. 712, 726, Sp. Laws of 1881. Doubtless there are others. Cases in which special school districts were involved have reached this court. Connor v. Board of Education, 10 Minn. 352 (439); City of Winona v. School District No. 82, 40 Minn. 13, 41 N. W. 539, 3 L. R. A. 46, 12 Am. St. 687; State v. Lakeside Land Co. 71 Minn. 283, 73 N. W. 970; Trautmann v. McLeod, 74 Minn. 110, 76 N. W. 964. There is no restriction, as respects area or population, on the power of the legislature to create a school district. In at least one instance express provision has been made for the formation of school districts on the basis of assessed valuation and school population. Section 2683, G. S. 1913. These illustrations indicate that there may be school districts having the area and population specified in the second proviso, and the legislature may have had them in mind in enacting it. We are unable, therefore, to concur in appellants' contention.

Concluding, as we do, that it is permissible to read the word "district" in the second proviso as referring to a school district, we come to the ultimate question, which is, should the proviso be so read? Chapter 238, as amended, must be considered as a whole. The word "district" occurs in it in many places and always in connection with or by way of reference to a school district, unless the second proviso is an exception. We think the word is not used in a different sense in the proviso. As a general rule the words of a statute are to be construed with reference to the words with which they are associated, and, when those used in a particular sense and having specific meaning are followed by others of a general meaning, the latter are to be construed as applicable only to things of a like

nature to those designated by the former. State v. McCrum, 38 Minn. 154, 36 N. W. 102; Rhone v. Loomis, 74 Minn. 200, 77 N. W. 31. We are of the opinion that the word "district" in the second proviso is used in the same sense as in the first proviso and refers to a school district. This conclusion is decisive of the case, for, under the facts as found, District No. 67 was not within the purview of section 5.

While the result obviates the necessity of determining whether the appeal operated as a stay of proceedings, it is nevertheless desirable to decide that question in order that in future cases public officials may know what the rule is and how to proceed. In Northwestern Exp. Co. v. Landes, 6 Minn. 400 (564), it was held that a writ of error did not operate as a supersedeas. In Allen v. Robinson, 17 Minn. 90 (113), it was said that an appeal in chancery did not stay proceedings under the decree appealed from without the special order of the court. That case dealt with an election contest. The holder of the certificate of election was held to be entitled to the possession of the office during the pendency of an appeal to this court. In Dutcher v. Culver, 23 Minn. 415, there was an appeal to the district court from an order of the probate court and it was held that it did not stay the operation of the order. It was remarked that, where the statute provides that a party may appeal, no certain inference can be drawn from the term "appeal" alone as to its effect on the proceedings below, and that, in determining what that effect is, the general policy of the law may be looked to, as well as the practical consequences of giving the appeal the effect to stay proceedings or the contrary effect.

We have found no case, and none has been called to our attention, in which this court has passed upon the precise question presented here. The statute makes no provision for a stay, but the practical consequences of holding that the appeal does not operate as a stay would be unfortunate. Officers of the consolidated district might issue school bonds, enter into contracts for the construction of a school house, employ teachers and perform other acts which would bring about a state of things where endless confusion and embarrassment would result, if the appellants prevailed. The

statute does not provide for a stay on an appeal from an order establishing a county road or for the drainage of a meandered lake. If an appeal from such an order does not suspend its operation, the appellant, if successful, might frequently find that he had gained a barren victory. These are illustrations of the practical consequences which would follow if an appeal does not suspend orders of this character. Section 4192, G. S. 1913, relating to appeals from orders of the Railroad and Warehouse Commission, furnishes another illustration. It declares that, unless the court so directs, an appeal shall not stay or suspend the order. There would be no occasion for such a provision, if it be the law that no administrative order is suspended by an appeal unless the statute so provides.

For reasons of public policy and to preserve the rights of the parties to such proceedings in statu quo until they have been finally determined, we hold that an appeal from an order consolidating school districts suspends the operation of the order while the appeal is pending.

The order denying a new trial is affirmed.

HALLAM, J. (dissenting).

I dissent. In my opinion the last proviso of section 5 quoted in the opinion means that the statute applies to a district that has in it an area not exceeding one mile square in which there is a voting population of 100 or more. It was apparently intended to put unincorporated groups in the same class with incorporated villages. As the section is construed in the opinion it is doubtful if a school district could be found to which it would apply.