STATE EX REL. HAROLD HANSON AND ANOTHER, CLERK AND TREASURER OF COUNTY BOARD OF EDUCATION FOR UNORGANIZED TERRITORY OF CASS COUNTY, v. MELVIN METTLER AND ANOTHER.
JAMES A. BAIKIE, APPELLANT.

**89 N. W. (2d) 168.**

March 21, 1958—No. 36,820.

*Nolan & Alderman,* for appellant.
*Peterson, Popovich & Marsden,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Quo warranto proceedings to determine whether respondent Melvin Mettler is chairman of the County Board of Education for the Unorganized Territory of Cass County; or whether such office is held by appellant, James Baikie.

The trial court found that Mettler was the duly appointed and qualified chairman of such board; and that Baikie was without authority to hold the position and ordered judgment to such effect. This is an appeal by Baikie from the judgment entered pursuant thereto.

The facts are undisputed and disclose that the unorganized school territory of Cass County is governed by L. 1941, c. 541, as amended by L. 1951, c. 496. This provides that the County Board of Education for the Unorganized Territory of Cass County shall consist of a chairman, resident in such unorganized territory and elected by the electors thereof, and in addition, ex officio, the county treasurer and the county superintendent of schools.

Prior to August 15, 1955, this board consisted of L. Vincent, chairman; ex officio Harold Hanson, county superintendent of schools; and Paul D. Jewell, county treasurer. On August 15, 1955, the Board of County Commissioners of Cass County made an order creating Independent School Districts Nos. 31, 32, and 33, out of a part of the unorganized territory of the county. On August 19, 1955, Mr. Vincent submitted his resignation as chairman of the County Board of Education for the Unorganized Territory of Cass County to the Board of County Commissioners. On September 20, 1955, the Board of County Commissioners appointed respondent Melvin Mettler chairman of such Board of Education to fill the vacancy created by the resignation of Mr. Vincent. Thereafter, an appeal was taken from the order of the Board of County Commissioners creating the independent school districts as above described.

It is conceded that, if the order creating the new school districts is valid, then Mettler is not qualified to act as chairman of the County Board of Education for the unorganized territory, since he is a resident of the newly created School District No. 33. On October 1, 1955, the remaining two members of the County Board of Education for the Unorganized Territory of Cass County appointed appellant, Baikie, as its chairman, refusing to recognize the appointment of Mettler.

On appeal here it is asserted (1) that respondent Mettler, as a nonresident of the unorganized territory, is unqualified to hold the office of chairman of its Board of Education; and (2) that the right to fill such office is vested in the Board of Education and not in the Board of County Commissioners. Respondent contends that, since there was an appeal from the order of August 15, 1955, creating Independent School Districts Nos. 31, 32, and 33, its effect has been suspended and the matter left in status quo; that respondent remains a resident of the unorganized territory and qualified to act as chairman of its Board of Education until such time as the order creating the new districts is held valid; and further that the right to fill the vacancy in such board is vested in and was properly exercised by the Board of County Commissioners.

■ Whether respondent Mettler is a resident of the unorganized territory or of newly created Independent School District No. 33 is

dependent upon the outcome of the appeal from the order of the Board of County Commissioners made August 15, 1955, creating the new school districts. We have held that an appeal from an order of a board of county commissioners, consolidating school districts, suspends the operation of the order while the appeal is pending. In re Consolidation of School Dist. No. 30 v. Consolidated School Dist. No. 30, 151 Minn. 52, 185 N. W. 961. Subsequent cases have adhered to the reasoning expressed in that decision and have extended its coverage to orders other than for consolidations which affect school districts. See, In re Dissolution of School Dist. No. 33, 239 Minn. 439, 60 N. W. (2d) 60; In re Order of Superintendent of Schools, Nobles County, 239 Minn. 233, 58 N. W. (2d) 465. As the court stated in the School Dist. No. 30 case (151 Minn. 58, 185 N. W. 964):

"For reasons of public policy and to preserve the rights of the parties to such proceedings in statu quo until they have been finally determined, we hold that an appeal from an order consolidating school districts suspends the operation of the order while the appeal is pending."

In other words, the operation of the order creating the new districts has been suspended and the matter left in status quo until the pending appeal has been determined. So here, respondent Mettler must be held to continue a resident of the unorganized territory of Cass County. The County Board of Education for the Unorganized Territory of Cass County must continue to function in the handling of all school matters in the territory in accordance with its statutory power. Its chairman, respondent Mettler, continues as a member of such board until such time as the order creating the new school districts has been determined valid.

■ We are of the opinion that a vacancy in the office of chairman of the County Board of Education for the Unorganized Territory of Cass County should be filled by the Board of County Commissioners of such county under L. 1951, c. 496, § 1, which provides that:

"* * * A vacancy in such office [chairman of the County Board of Education for the Unorganized Territory of Cass County] shall be filled in the same manner as a vacancy in any county office."

Under this section the initial appointment to this office was made by the Board of County Commissioners, and in the past it always has been the practice of the latter board to fill vacancies therein. Mr. Vincent originally received his appointment to the office from it and thereafter submitted to it his resignation therefrom. In 1952 relator Hanson, then chairman of such Board of Education, submitted his resignation from such position to the Board of County Commissioners. Both boards then recognized such procedure as proper.

The other two officers of the Board of Education are ex officio members thereof because they are respectively county treasurer and county superintendent of schools of Cass County. It is not disputed that vacancies in either of these offices on the Board of Education would be filled by the Board of County Commissioners under M. S. A. 382.01,[1] 382.02,[2] and 375.08.[3] It seems unlikely that the legislature contemplated that vacancies in either of these two positions were to be

[1] "In every county in this state there shall be elected at the general election in 1918 a county auditor, county treasurer, sheriff, register of deeds, county attorney, coroner, and county superintendent of schools.

"The terms of office of these county officers shall be four years and until their successors are elected and qualified, and shall begin on the first Monday in January next succeeding their election, and these offices shall be filled by election every four years thereafter."

[2] "Any appointment made to fill a vacancy in any of the offices named in section 382.01 shall be for the balance of such entire term, and be made by the county board."

[3] "When a vacancy occurs in the office of county auditor, county treasurer, register of deeds, sheriff, county attorney, county surveyor, coroner, or county superintendent, the county board shall fill the same by appointment. For that purpose it shall meet at the usual place of meeting, upon one day's notice from the chairman or clerk, which shall be served personally upon each member in the same manner as a district court summons is authorized to be served. The person so appointed shall give the bond and take the oath required by law, and shall hold for the remainder of the unexpired term, and until his successor qualifies; provided, that when such vacancy occurs in any of the offices hereinbefore mentioned, in which office there is a chief deputy or first assistant, then the chief deputy or first assistant is empowered and authorized to perform all of the duties and functions of the office until such time as the same is filled by appointment by the county board."

filled by the county commissioners while a vacancy in the other position was required to be filled by the Board of Education.

Where general statutes relative to unorganized school territories are applicable, the legislature has provided that vacancies in boards of education therein be filled by the boards of county commissioners. § 123.35.[4] It seems obvious from all such enactments that it was intended by the legislature that a vacancy in the office of the chairman of County Board of Education for the Unorganized Territory of Cass County be filled by the Cass County Board of County Commissioners rather than by such Board of Education.

■ Appellant urges that § 125.03, which provides that "A vacancy in any school board or board of education elected by the people shall be filled by the board * * * until such vacancy can be filled by election at the next annual meeting or election," is applicable. But the County Board of Education for the Unorganized Territory of Cass County as such is not elected by the electors of the unorganized territory. Two of its members hold office by reason of their election to other county offices and the method of filling vacancies in their respective offices is prescribed, not by § 125.03, but pursuant to §§ 382.02 and 375.08, which authorized the Board of County Commissioners to perform this function. Obviously, § 125.03 was enacted to provide procedure for filling vacancies in boards where all members thereof are elected so that vacancies arising therein will not necessitate the calling of special elections. It is clear that, where county school boards are not thus elected but are comprised ex officio of other county officers, vacancies thereon are to be filled by the respective boards of county commissioners pursuant to §§ 123.35 and 375.08.

Under the statutory provisions, we hold that the vacancy here was properly filled by the Board of County Commissioners and that respondent Mettler is qualified to hold the position of chairman at least until the appeal from the order creating the new school districts has been determined.

---

[4] Should a vacancy occur in this board of education or should any member thereof refuse or be incapacitated to serve upon this board, the board of county commissioners shall fill such vacancy as provided in section 375.08."

The judgment appealed from is affirmed.
Affirmed.