# ROBERT WILLIAMS v. GERTRUDE ROLFE.
## BOARD OF EDUCATION FOR UNORGANIZED TERRITORY OF CASS COUNTY AND ANOTHER, INTERVENORS-APPELLANTS.

101 N. W. (2d) 923.

January 22, 1960—No. 37,964.

*Edward L. Rogers,* County Attorney, and *Peterson, Popovich & Marsden,* Special County Attorneys, for defendant-appellant.

*Peterson, Popovich & Marsden,* for intervenors-appellants.
*Gordon Rosenmeier* and *John E. Simonett,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal, pursuant to M. S. A. 605.09(2) from an order of the district court granting a temporary injunction restraining Gertrude Rolfe, county superintendent of schools of Cass County, from executing an order effectuating a consolidation of certain areas of the Unorganized Territory of Cass County with Independent School District No. 119 (Walker School District) and Independent School District No. 116 (Cass Lake School District).

Pursuant to § 122.018, plats for the above consolidations were presented to and approved by the commissioner of education on July 23, 1959. The Board of Education of the Unorganized Territory of Cass County, established under authority of L. 1957, c. 730, passed a resolution on July 24 adopting and approving each of the said plats. Thereafter, the School Board of the Walker School District passed a resolution on July 27 adopting and approving the plat of the area pertaining to it, and the School Board of the Cass Lake School District passed a resolution on July 28 adopting and approving the plat which pertained to it. On August 5, 1959, defendant was served with a temporary restraining order restraining her from issuing an order effectuating the consolidation, which order is necessary to its validity and is mandatory under § 122.018, subd. 9. The matter came on for hearing before the district court on August 21 and resulted in the issuance of the order, dated September 21, granting plaintiff, a taxpayer and resident of the unorganized territory, a temporary injunction restraining defendant from issuing any order effecting the consolidation until final judgment could be rendered. Plaintiff requested a declaratory judgment along with the temporary injunction but it was not granted and therefore, the only issue presented to this court is the propriety of the order granting a temporary injunction.

Section 585.02 prescribes the circumstances under which a temporary injunction may be granted. It reads in part as follows:

"When it appears by the complaint that the plaintiff is entitled to

the relief demanded, and such relief consists wholly or partly in restraining the commission or continuance of some act which, if permitted during the litigation, would work injury to the plaintiff, or when during the litigation it appears that the defendant is about to do, or is doing, or threatening, procuring, or suffering to be done, some act in violation of plaintiff's rights respecting the subject of the action, and tending to make the judgment ineffectual, a temporary injunction may be granted to restrain such act."

■ We have held under this statute that ordinarily the granting or denying of a temporary injunction is within the sound discretion of the trial court and such decision will not be reversed unless there has been an abuse of discretion evidencing a disregard of the facts or the principles of equity applicable to the case. Minneapolis Elec. Lamp Co. v. Federal Holding Co. 161 Minn. 198, 201 N. W. 324; see, also, Western Elec. Co. v. Cinema Supplies (8 Cir.) 80 F. (2d) 106.

■ The principles of equity apply and we have held that an injunction will not issue where there is an adequate remedy at law. 9 Dunnell, Dig. (3 ed.) § 4472, and cases cited. Also, in order to justify the granting of a temporary injunction there must be threatened injury which is real, substantial, and irreparable. Hotel & Restaurant Employees' Union v. Tzakis, 227 Minn. 32, 33 N. W. (2d) 859.

With respect to the adequacy of the legal remedy in the instant case, the law governing the consolidation proceedings provides a method of appeal in § 122.051, subd. 1, as follows:

"Any district or any person aggrieved by order of the county board or order of the commissioner, or order of the county superintendent, made pursuant to the provisions of Laws 1957, Chapter 947, may appeal from such order to the district court upon the following grounds:

"1. That the county board, the commissioner, or the county superintendent had no jurisdiction to act;

"2. That the county board, the commissioner, or the county superintendent exceeded its jurisdiction;

"3. That the action appealed from is arbitrary, fraudulent, capricious or oppressive or in unreasonable disregard of the best interests of the territory affected;

"4. That the order or action appealed from is based upon an erroneous theory of law.

"An appeal from an order of a county board shall be taken by serving a notice of appeal upon the county auditor. * * *"

It is apparent from the foregoing statute that plaintiff would have a right to appeal from an order by defendant effecting the consolidation, which she was restrained from entering by reason of this injunction. It is also further apparent that the merits of the consolidation could thereby be tested.

This court held in School Dist. No. 135 v. McConnell, 150 Minn. 57, 184 N. W. 369, that an injunction would lie to enjoin the making and filing of an order setting forth the result of an election, as required by statute, the election being invalid because of an insufficient number of petitioners. This was allowed, however, only in the absence of a right of appeal given by statute and of any other effective remedy. As it appears from § 122.051, this is not the situation in the instant case.

As we construe it, it is plaintiff's contention that although a statutory right of appeal is provided that legal remedy is inadequate. He argues that the consolidation proceeding for the Unorganized Territory of Cass County is invalid because its existence depends upon an unconstitutional statute, namely, L. 1957, c. 730.[1] It is also his position that under The Marckel Co. v. Zitzow, 218 Minn. 305, 15 N. W. (2d) 777, if the order of the defendant is allowed to be entered, even though on appeal plaintiff is successful in his claim that c. 730 is unconstitutional, the order and consolidation would still be valid. That case holds that the acts under an office or court organized or created pursu-

---

[1]L. 1957, c. 730, under which the Unorganized Territory of Cass County exists, provides in § 1, as is pertinent to plaintiff's contention, that the law applies to "any county containing not less than 17,000 nor more than 20,000 inhabitants, and not less than 70 and not more than 80 full and fractional congressional townships, * * *." Only one county in the state, namely Cass County, falls within both of these categories. Therefore, plaintiff contends the enabling act is within the prohibition of Minn. Const. art. 4, § 33, which precludes special legislation.

ant to a state law, which is subsequently declared unconstitutional, are valid if committed or rendered prior to the decision declaring the law to be unconstitutional. See, also, State ex rel. Tamminen v. City of Eveleth, 189 Minn. 229, 249 N. W. 184, 99 A. L. R. 289; Burt v. Winona & St. Peter R. Co. 31 Minn. 472, 18 N. W. 285, 289. Plaintiff maintains that in view of the Marckel case the acts of the defendant would therefore be valid even though c. 730 would later be declared unconstitutional.

While there is merit to plaintiff's argument, we do not regard it as convincing where the question of injunctive relief is being considered. Here, if a statutory appeal would be taken from the county superintendent's order, the appeal would suspend the operation of such order and an automatic stay would follow in connection with any increased mill levy or assumption of debt resulting from the proposed consolidation until its merits could be tested on appeal. State ex rel. Hanson v. Mettler, 252 Minn. 30, 89 N. W. (2d) 168; School Dist. No. 30 v. Consolidated School Dist. No. 30, 151 Minn. 52, 185 N. W. 961. In view of this we do not believe that a substantial and irreparable injury would result if the injunction were not granted.

Defendant contends that plaintiff's position in attacking the constitutionality of c. 730 constitutes an indirect or collateral attack upon the organization of the board. She argues that such an attack can only be made by a proceeding in the nature of quo warranto and that such a proceeding, if brought by an individual relator, must be brought by the attorney general or with his consent. Defendant also maintains that plaintiff as a mere taxpayer and member of the general public does not have the requisite standing to attack the organization of the school board for the unorganized district.

On the other hand plaintiff contends that under Rule 81.01 of Rules of Civil Procedure the information in the nature of quo warranto was abolished, although the substance of the remedy was not, and that by seeking an injunction and declaratory judgment plaintiff is merely complying with the rules. Without deciding whether defendant's or plaintiff's contention is correct, it is interesting to examine State ex rel. Danielson v. Village of Mound, 234 Minn. 531, 544, 48 N. W. (2d) 855, 864, in which this court held:

"* * * Until an actual usurpation has occurred, the remedy of quo warranto has no application, and may not therefore be used to question the validity of a pending petition for annexation which has not been acted upon by the village council."

We believe the same principle is applicable to the remedy of injunction. It is our opinion that a proceeding for an injunction is not appropriate prior to the action of the board or commission or individual member thereof which the injunction seeks to restrain when there is a right of appeal provided from such order and irreparable and substantial injury is precluded by the taking of such an appeal.

Order reversed.

ON PETITION FOR REARGUMENT.

On March 18, 1960, the following opinion was filed:

PER CURIAM.

Plaintiff petitions for reargument seeking clarification of opinion filed January 22, 1960. He is concerned with respect to his ability to review the constitutionality of L. 1957, c. 730. Review of this issue constitutes a direct attack upon the legal existence of the Board of Education of the Unorganized Territory of Cass County. This question cannot be reviewed on an appeal taken under M. S. A. 122.051, subd. 1, since the scope of review under that section is limited to the matters enumerated therein. Also, to raise the constitutional issue on that appeal would constitute a collateral attack upon the corporate existence, which is not permissible. Zawerschnik v. Joint County School Committee, 271 Wis. 416, 73 N. W. (2d) 566; Joint School Dist. No. 5 v. Waupaca, etc., County School Committees, 271 Wis. 100, 72 N. W. (2d) 909; St. Paul Gaslight Co. v. Village of Sandstone, 73 Minn. 225, 75 N. W. 1050.

Plaintiff may have a review of the constitutionality of L. 1957, c. 730, pursuant to M. S. A. 555.01 and 555.11[2] of the Uniform Declara-

---

[2] M. S. A. 555.01. "Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory

tory Judgments Act, or § 556.01,[3] which provides for an action to prevent the usurpation of office. Also a writ of quo warranto may be available to him pursuant to § 480.04, which grants the supreme court power to issue such writs. This remedy is not restricted by Rule 81.01(2) of Rules of Civil Procedure, which abolished the writ of quo warranto and information in the nature of quo warranto, since the rules of civil procedure are only applicable to the district courts. Rule 1. With this clarification the petition for reargument is denied.

---

judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree."

§ 555.11. "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and if the statute, ordinance or franchise is alleged to be unconstitutional, the attorney general shall also be served with a copy of the proceeding and be entitled to be heard."

[3]§ 556.01. "When the attorney general has reason to believe that a cause of action can be proved, he may bring an action in the name of the state, upon his own information or upon the complaint of a private person, against the person offending, in the following cases:

"(1) When any person usurps, intrudes into, or unlawfully holds or exercises any public office or any franchise, or any office in a corporation created by authority of the state;

"(2) When any public officer does or suffers an act which by law causes a forfeiture of his office; or

"(3) When an association or number of persons acts as a corporation without being duly incorporated."