STATE OF MINNESOTA *vs.* ELI SMALL.

June 10, 1882.

Statute changing Punishment—Exception of Offences previously committed.—By act of the legislature passed February 17, 1881, (Laws 1881, c. 62,) entitled "An act to amend section 34 of chapter 94, of the General Statutes of 1878, relating to [punishment of] manslaughter in the fourth degree," the punishment of that crime was increased. Section 2 of this act reads as follows: "This act shall not extend to any act done or offence committed prior to the passage hereof, but the provisions of law now in force prescribing the punishment for murder in the fourth degree shall continue in force as to all such offences committed prior to the passage hereof." *Held,* that this was a valid saving clause authorizing the punishment, under the old law, of offences already committed; the fact that such was the intent of the legislature, and that the word "murder" was used by mistake for the word "manslaughter," appearing clearly from the face of the act.

Case certified from the district court for Hennepin county. Defendant was indicted, on February 19, 1881, for the crime of manslaughter in the fourth degree. A demurrer to the indictment was overruled by *Vanderburgh, J.,* and, at defendant's request, the case was certified to this court. The case is stated in the opinion.

*W. J. Hahn,* Attorney General, for the State.

*Levi & Cray,* for defendant.

Unless there is a saving clause in Laws 1881, c. 62, there can be no punishment for the crime of manslaughter in the fourth degree. *Yeaton* v. *United States,* 5 Cranch, 281; *Com.* v. *Marshall,* 11 Pick. 350. There is no such clause, unless the words "manslaughter in the fourth degree" can be substituted for "murder in the fourth degree," in the second section of that act. There is no authority for doing so. The law requires that the words used in a criminal statute shall be construed strictly in favor of the accused, and restrained for the benefit of him upon whom the penalty is inflicted. Courts cannot correct what they may deem excesses or omissions in legislation. *Proctor* v. *Manwaring,* 3 B. & Ald. 145; *Attorney General* v. *Sillem,* 2 Hurl. & Colt. 431; *Jones* v. *Smart,* 1 Term. Rep. 44; *Remmington* v. *State,* 1 Oregon, 281; *State* v. *Lovell,* 23 Iowa, 304; *Gib-*

*son* v. *State,* 38 Ga. 571; *Lair* v. *Killmer,* 25 N. J. Law, 522; *Elias* v. *Nightingale,* 8 Ellis & B. 698; *United States* v. *Wiltberger,* 5 Wheat. 76; *United States* v. *Morris,* 14 Pet. 464; *United States* v. *Sheldon,* 2 Wheat. 119; *Ferrett* v. *Atwell,* 1 Blatchf. 151; *Palcher* v. *United States,* 11 Fed. Rep. 47; *Waller* v. *Harris,* 20 Wend. 555; *State* v. *Timmens,* 4 Minn. 241 (325;) *Hartung* v. *People,* 22 N. Y. 95; *United States* v. *Jones,* 3 Wash. 209; Dwarris on Stat. 364; Sedgwick on Stat. Const. 261, 328.

MITCHELL, J.*  The defendant was indicted under Gen. St. 1878, c. 94, § 34, for manslaughter in the fourth degree, committed on the tenth of January, 1881. By act of the legislature, passed February 17, 1881, (Laws 1881, c. 62,) entitled "An act to amend section 34 of chapter 94 of the General Statutes of 1878, relating to [punishment of] manslaughter in the fourth degree," the statute under which the indictment was found had been amended by increasing the punishment. Section 2 of this amendatory act reads as follows: "Sec. 2. This act shall not extend to any act done or offence committed prior to the passage hereof, but the provisions of law now in force prescribing the punishment for *murder* in the fourth degree shall continue in force as to all such offences committed prior to the passage hereof."

The only question in this case is whether under this section the original statute is continued in force for the purpose of the punishment of offences committed prior to the passage of the amendatory act. It is perfectly apparent that the only doubt on the subject, if doubt there be, is caused by the use of the word "murder," by mistake, for "manslaughter." It is perfectly clear, both from the face of the act itself and from the statute amended, that the legislature meant "manslaughter" in the fourth degree, and not "murder." Such being the case, a court has a right to construe the act in accordance with the plain and manifest intention of the legislature. If the mistake is apparent upon the face of the statute, which may be corrected by other language in the act itself, such mistake is not fatal, and the clear legislative will must prevail. That the legislature intended by

*Vanderburgh, J., before whom this case was heard in the district court, took no part in the decision of this appeal.

this section to save the existing law as to past offences, and that the word "murder" was used by mistake instead of "manslaughter," can admit of no doubt. The title of the act relates to manslaughter. The statute amended refers to manslaughter in the fourth degree and nothing else, and there is no such thing as murder in the fourth degree. Furthermore, all reference to murder in the fourth degree may be rejected as surplusage and meaningless, and the remainder of the section would be sufficient as a good saving clause. As to the rules of construction where a statute contains a false reference or other mistake, plainly such from the face of the statute, see Potter's Dwarris on Statutes, 183; *Inhabitants of Shrewsbury* v. *Boylston*, 1 Pick. 105; *People* v. *King*, 28 Cal. 265; *Watervliet Turnpike Co.* v. *McKean*, 6 Hill, 616; *Moody* v. *Stephenson*, 1 Minn. 289, (401;) *City of Winona* v. *Whipple*, 24 Minn. 61; *Smith* v. *People*, 47 N. Y. 330.

It is urged that this is contrary to the rule that penal statutes must be construed strictly. By this rule nothing more is meant than that penal statutes shall not, by what may be thought their spirit and equity, be extended to offences other than those which are specifically and clearly described and provided for. The reason of the rule is that the law will not allow of constructive offences or arbitrary punishments. Therefore penal statutes are taken strictly and literally only in the point of defining and setting down the *fact* and the *punishment*, and not generally, "in words that are but circumstances and conveyances in the putting of the case." Smith, Stat. Construction, § 741.

But the present case is not within this rule. We are not extending the definition of the crime of manslaughter in the fourth degree by construction, so as to include acts or offences not included within the letter and spirit of the statute, nor enlarging the punishment of the crime beyond what the statute expressly declares. There is no controversy as to what constituted this crime, or as to what its punishment was under the original statute; nor that the acts charged in the indictment constituted this crime, and were punishable at the time they were committed. The only question to determine is whether, in enacting the amendatory act, the legislature intended to save the former law for the purpose of the punishment of prior offences. In

determining this, we have the same right as in any other case to construe the statute in accordance with the manifest intent of the legislature, as apparent upon the face of the act. This rule of strict construction does not exclude the application of common sense to the terms made use of in the act. Even a penal statute should not be so construed as to work a public mischief, unless required by words of explicit and unequivocal import. Effect must be given to the intent of the legislature if clearly apparent upon the face of the statute, although such construction seem contrary to the exact letter of the statute. *Com.* v. *Loring*, 8 Pick. 369; *Smith* v. *People*, ~~supra~~.

Therefore, in answer to the questions certified up by the court below, we hold that defendant's demurrer to the indictment was properly overruled.

Order affirmed.