STATE OF MINNESOTA *vs.* HAL FINCH.

November 11, 1887.

**Criminal Law—Construction of Statute.**—A statute is ineffectual to make criminal an act otherwise innocent, unless it clearly appears that such act is within the prohibition of the statute, the statute being reasonably construed for the purpose of arriving at the expressed intention of the legislature. It is not enough that the case be within the apparent reason and policy of the statute.

**Same—Inspection of Oils.**—The statute relating to the inspection of illuminating oil manufactured from petroleum, *held*, not to include within its prohibitions the sale of such oil after the same had been properly inspected and branded, although it had been subsequently removed to an unbranded receptacle, from which it is sold.

The defendant was indicted in the district court for Hennepin county, and, upon a trial before *Young*, J., and a jury, was convicted of selling uninspected illuminating oil. Upon the trial, it appearing that the oil was sold by the defendant, and was drawn from a stationary tank that had no brand or device thereon showing that it had been inspected, and upon which tank the word "approved" did not appear, the court excluded evidence offered by the defendant to show that the oil had been previously inspected while in another receptacle, which had been duly marked and branded "approved," as required by the statutes of this state. The district court thereupon certified to this court the question, (among others,) whether a person who sells illuminating oil manufactured from petroleum, out of a receptacle which has not been duly branded, and who does not have such oil duly inspected in such receptacle, becomes liable to a prosecution, if it be made to appear that such oil had been, prior to such sale, duly inspected and branded in this state in another receptacle?

*Henry Johns* and *Freeman P. Lane*, for the State.

*Woods, Hahn & Kingman*, for defendant.

DICKINSON, J. The question before us for decision may be thus stated: If illuminating oil, manufactured from petroleum, has been once duly inspected and branded in this state, and if the same be

afterwards changed to another receptacle, to be sold, must it be re-inspected and such receptacle branded? and if sold therefrom without such reinspection and rebranding, is the person so selling it liable to criminal prosecution and punishment under section 118, chapter 6, of the General Statutes of 1878?

Section 116 (section 2 of the original act of 1876) makes it the duty of the inspector of oils to examine and test the quality of all such oils offered for sale by any manufacturer, vendor, or dealer, and if the same is found to be of a prescribed quality, "he shall affix his brand or device, and the date of the inspection, with the word 'approved' upon the barrel, cask, or other package containing the same; and it shall be lawful for any manufacturer, vendor, or dealer to sell the same as an illuminator." In like manner the inspector is to affix the brand "unsafe for illuminating purposes," if the oil tested shall not be of the prescribed quality; "and it shall be unlawful for the owner thereof to sell such oil for illuminating; and if any person shall sell, or offer for sale, such rejected oil, he shall be deemed guilty of a misdemeanor, and shall be punished as provided in section four of this act." Section 4 (section 118 of the compilation) declares "all illuminating oil manufactured, refined, or compounded, within this state, of petroleum, coal oil, or their products, in part or in whole, shall be inspected before being removed from the manufactory or refinery. And if any person or persons, whether manufacturer, vendor, or dealer, shall sell to any person within this state any such illuminating oils, whether manufactured in this state or not, before having the same inspected as provided in this act, he shall be deemed guilty of a misdemeanor, and he shall be subject to a penalty in any sum not exceeding five hundred dollars. And if any manufacturer, vendor, or dealer of such oils shall falsely brand the package, cask, or barrel containing the same, as provided in sections one and two of this act, or shall use barrels, casks, or packages having the inspector's brand thereon, without having the oil inspected, he shall be deemed guilty of a misdemeanor, and shall be subject to a penalty," etc.

This law relates to conduct which is not criminal or wrongful unless it has been made so by this statute. In construing such statutes, we should be careful to distinguish between what may have been de-

sirable in the enactment in order that it should effectually accomplish its purpose, and what has been really prohibited or commanded by it. Before conduct hitherto innocent can be adjudged to have been criminal, the legislature must have defined the crime, and the act in question must clearly appear to be within the prohibitions or requirements of the statute, that being reasonably construed for the purpose of arriving at the legislative intention as it has been declared. It is not enough that the case may be within the apparent reason and policy of the legislation upon the subject, if the legislature has omitted to include it within the terms of its enactments. What the legislature has from inadvertence or otherwise omitted to include within the express provisions of a penal law, reasonably construed, the courts cannot supply.

On the part of the state nothing is urged in opposition to these well-recognized principles, and the only controversy is as to whether the statute, fairly construed, does include within its prohibition the selling of oil which, after having been once properly inspected and branded, has been transferred to another receptacle, for sale, without being reinspected and rebranded. We look in vain in the statute for any declared prohibition of such an act. The provision in section 118, making it an offence for any person to sell oil "before having the same inspected as provided in this act," cannot be reasonably deemed to require that oil be reinspected and rebranded every time it is resold, when the barrel or cask in which it is sold bears the proper mark of its former inspection. Nor is this claimed to be the proper meaning of that section. The only other construction which can be put upon the language is very obvious; that is, it makes criminal the selling by any person of oil which had not been previously inspected, "as provided in this act;" that is, as may be conceded, oil which has not been inspected and branded. That having been done, section 116 declares that "it shall be lawful for any manufacturer, vendor, or dealer, to sell the same." There is no other provision of the statute which can be pointed to as prohibiting emptying the contents of a cask after it has been properly inspected and branded into another and unbranded cask, and selling the oil therefrom. It may be that, if this may be done, it will be difficult for the state to dis-

cover and punish those who shall sell oil which has never been inspected and branded. Such a consideration would have weight with the legislature in determining whether a prohibition of such a course should be inserted in the law. The case may be within the reason of the prohibitory law, but it is not within its terms; and the court cannot extend the statute so as to include and make criminal what the legislature has not declared to be so.

It is probable that the practical difficulty which may be experienced in enforcing the law as it is, has arisen from the change which has taken place in the manner of importing and disposing of such oils since this law was enacted in 1876. A statute, which was perhaps sufficient to accomplish the purpose of the legislature when this commodity was imported, transported, and sold in barrels, may be found imperfect when applied to the business as conducted to-day, when immense tanks have come to be used for the purposes of transportation, storage, and sale. But with that we have nothing to do. It seems to be unnecessary to consider the other question which was certified for our opinion. The result of this decision is that a new trial must be granted.

Ordered accordingly.