### EDWARD T. RHONE v. ROBERT N. LOOMIS.

November 14, 1898.

Nos. 11,048—(10).

**Civil Rights—G. S. 1894, §§ 8002, 8003, as Amended—Saloons not Included.**

Saloons, or places where intoxicating liquors are sold as a beverage, are not within the provisions of Laws 1885, c. 224 (G. S. 1894, §§ 8002, 8003), as amended by Laws 1897, c. 349.

**Same—"Other Places of Refreshment"—Ejusdem Generis.**

Rule of ejusdem generis applied to the interpretation of the general words, "or other places of refreshment."

Action in the municipal court of Duluth to recover $500 damages, on the ground that plaintiff, a colored man, was refused the privileges of defendant's saloon, and was discriminated against on account of his color. The case was tried before Edson, J., and a jury, which rendered a verdict in favor of plaintiff in the sum of $25. From an order denying a motion for a new trial, defendant appealed. Reversed.

*John G. Williams*, for appellant.

The term "saloon" is not used in the act, and is not embraced in the general term "or other places of refreshment." The act is penal in its nature, and therefore to be strictly construed. Where general terms follow specific terms, they will be limited to things or places of the same general character as those enumerated in the

specific. Berg v. Baldwin, 31 Minn. 541; State v. McCrum, 38 Minn. 154; Cecil v. Green, 161 Ill. 265; Brown v. Village of Heron Lake, 67 Minn. 146; Ott v. Great Northern Ry. Co., 70 Minn. 50. The construction claimed is inconsistent with the history of the state in dealing with intoxicants. If defendant should sell to an Indian, he would be liable to punishment. G. S. 1894, § 2002; State v. Wise, 70 Minn. 99. Leave out intoxicating liquors from the act, and it applies to all regardless of color; but include them, and it excludes Indians, or else section 2002 is repealed by implication, which is not the case. Brown v. Village of Heron Lake, supra.

If the act includes saloons, it is unconstitutional as an undue interference with private business. Constitutional protections are simply declaratory of recognized civil rights. People v. Hurlbut, 24 Mich. 44. The right to sell or to refuse to sell is a fundamental right. Cooley, Torts, 278. The right to regulate property is founded on the fact that it is devoted to public use. The right of a saloon keeper to refuse to sell is not affected by the fact that his business is subject to license. Cecil v. Green, supra. No man has an inherent right to demand of another that he sell him liquor. Dealing in intoxicating liquors is not one of the privileges or immunities guarantied by the constitution. Mugler v. Kansas, 123 U. S. 623.

The act violates Const. art. 1, § 7, in that it subjects a person to jeopardy of punishment twice for the same offense. It is penal in character, and it was error to permit plaintiff to call defendant under G. S. 1894, § 5659, and to charge that a mere preponderance of evidence was enough to entitle plaintiff to a verdict.

*John H. Norton,* for respondent.

A saloon is a place of refreshment. 21 Am. & Eng. Enc. 661; Kitson v. Mayor, 26 Mich. 325; Goozen v. Phillips, 49 Mich. 7. "Other places of public refreshment" include a saloon, for the term is generic with some of the things specifically enumerated. Sutherland, Stat. Const. § 279. The intent of the legislature is to be found in the ordinary words of the act. The rule of interpretation is to be collated from the context. The meaning will be

limited or extended, according to the meaning indicated by the statute. Sutherland, Stat. Const. §§ 279, 363. The statute is declaratory of the common law. Ferguson v. Gies, 82 Mich. 358. The act is constitutional and is a reasonable exercise of the police power. Under the fourteenth amendment to the constitution of the United States it becomes the duty of the state to enact such legislation. See Civil Rights Cases, 109 U. S. 3; Cooley, Torts, 284–5; Chicago v. Williams, 55 Ill. 185; Slaughter-House Cases, 16 Wall. 36; Donnell v. State, 48 Miss. 661; U. S. v. Cruikshank, 92 U. S. 542; Baylies v. Curry, 128 Ill. 287. A license from the public to establish a place of amusement imports equality of rights at such place, unless there is authority for discrimination because of previous condition of servitude. Civil Rights Cases, supra. The act does not violate Const. art. 1, § 7. See Baylies v. Curry, supra; Bishop, Crim. Law, §§ 32, 264 et seq.; State v. Crummey, 17 Minn. 50 (72); Ferguson v. Gies, supra. The action is civil, and subject to the ordinary rules governing civil actions.

MITCHELL, J.

The plaintiff, who is a colored man, brought this action against the defendant, who is a legally-licensed saloon keeper, to recover damages for his refusal, solely because of plaintiff's race and color, to furnish him a glass of beer, when called for in defendant's place of business. The action is brought under the provisions of Laws 1885, c. 224 (G. S. 1894, §§ 8002, 8003), as amended by Laws 1897, c. 349. The material parts of the act read as follows:

"A person who excludes any other person within the jurisdiction of the state of Minnesota, on account of race, color or previous condition of servitude, from the full and equal enjoyment of any accommodation, advantage, facility or privilege furnished by innkeepers, hotel keepers, managers or lessees, common carriers, or by owners, managers or lessees, of theaters, or other places of amusement, or public conveyance on land or water, restaurants, barber shops, eating houses, or other places of public resort, refreshment, accommodation or entertainment, or denies, or aids or incites another to deny, to any other person because of race, creed or color, or previous condition of servitude, the full and equal enjoyment of any of the accommodations, advantages, facilities and privileges of any hotel, inn, tavern, restaurant, eating house, soda-water fountain, ice cream parlor, public conveyance on land or water, theater,

barber shop or other place of public refreshment, amusement, instruction, accommodation or entertainment, is guilty of a misdemeanor, punishable by a fine of not less than twenty-five (25) dollars, nor more than one hundred (100) dollars, or imprisonment in the county jail for not less than thirty (30) nor more than ninety (90) days. And in addition to the punishment prescribed herein, he is liable in damages, in a sum not less than twenty-five (25) nor more than five hundred (500) dollars to the party aggrieved, to be recovered in a civil action."

The two principal points made by defendant's counsel are: (1) If the act is broad enough to include a saloon, or place where intoxicating liquors are sold, it is unconstitutional, being an undue interference with defendant's private business. (2) That a saloon, or place where such liquors are sold, is not within the provisions of the statute.

The act is a "civil rights statute," the expressed object of which is to protect all citizens in their civil and legal rights. The power of the legislature to enact such laws, as to all kinds of business, of a public or quasi public character, conducted for the accommodation, refreshment, amusement or instruction of the public, which the state has the right to regulate under its police power, so that all classes of citizens may enjoy the benefit thereof without unjust discrimination, is no longer open to discussion. That places where spirituous, vinous and malt liquors are sold to the public, which exist wholly under the authority of state laws, would fall within this class, we think there can be no doubt. See Cooley, Torts, 285; People v. King, 110 N. Y. 418, 18 N. E. 245.

The question is whether by the act referred to the legislature has exercised that power as to saloons, or licensed places for the sale of intoxicating liquors at retail. In view of the nature of the traffic, and the uniform trend of our legislation on the subject, we would hesitate to hold that the legislature had made it a crime under any circumstances for one man to refuse to furnish another intoxicating liquor for use as a beverage, unless the provisions of the act so provided with reasonable certainty. All legislation on the liquor traffic is restrictive and repressive, and seems to proceed upon the theory that it is an evil, and should be restricted to the smallest practicable limits. It can be conducted only under a license, the

fee for which is far greater than the expense of police supervision, and was put thus high for the very purpose of limiting the business as far as possible. In this act, as amended, the legislature specifically enumerates the places and things to which its provisions should apply at great length and with great particularity, even to naming "soda-water fountains" and "ice cream parlors," but nowhere mentions saloons, or places where intoxicating drinks are sold. This omission could not have been because the legislature did not have such places in mind, for of all places, whether of entertainment, refreshment, amusement or instruction, saloons are the most numerous. In fact, they are more numerous, and the subject of more legislation, than all the places enumerated in the act put together. It therefore seems to us that the omission to enumerate saloons must have been ex industria.

But it is said (and this is the sole claim of the plaintiff) that they are included in the general words, "or other places of public * * * refreshment." We concede that the word "refreshment" may include intoxicating liquors, and that the words "places of refreshment" may be used in such a connection as to include a place where such liquors are sold as a beverage. But here is a case where the legislature has specifically enumerated, in a somewhat descending order according to rank or importance, every kind of place of refreshment which was presently in mind to which they intended the act to apply, but have omitted, apparently purposely, to enumerate places where intoxicating liquors are sold as a beverage. Such places, conceding them to be places of refreshment, are sui generis,—of a quality essentially different from, and much more numerous than, any of those specifically enumerated. We are of opinion that upon these facts it is not permissible, under any proper application of the doctrine of ejusdem generis, or what is commonly called "Lord Tenterden's rule," to extend the meaning of the general words, "or other places of public refreshment," so as to include places where intoxicating drinks are sold. This rule, generally stated, is that where a statute or document specifically enumerates several classes of persons or things, and immediately following, and classed with such enumeration, the clause embraces "other" persons or things, the word "other" will generally be read as

"other such like," so that persons or things therein comprised may be read as ejusdem generis "with," and not of a quality superior to, or different from, those specifically enumerated. See Sandiman v. Breach, 7 B. & C. 96; also, 17 Am. & Eng. Enc. 278, tit. "Other." The reason of this rule is that "if the legislature had meant the general words to apply, without restriction, it would have used only one compendious word." King v. Wallis, 5 Term R. 379.

Reasons can be readily conceived why the legislature might have seen fit to exclude saloons from the operation of the act. It being a "civil rights" act, the object of which was to secure to all citizens equal accommodation, without unjust discrimination, in certain places of entertainment, amusement, etc., the legislature might have thought that the right to be furnished intoxicating drink would be of doubtful benefit to any class of people, and for that reason excluded saloons from the operation of the act. It is a well-known fact that, owing to an unreasonable race prejudice which still exists to some extent, the promiscuous entertainment of persons of different races in places where intoxicating drinks are sold not infrequently results in personal conflicts, especially when the passions of men are inflamed by liquor. Hence the legislature might have omitted saloons for that reason. But, whatever the reason may have been, we are of opinion that, under the established canons of construction, it must be held that the legislature has excluded them, and that the general words do not, and were not intended to, include them.

Order reversed, and cause remanded, with instructions to the lower court to dismiss the action.

START, C. J. (dissenting).

I dissent. The plaintiff is a colored man, sometime a slave, but now a citizen of the state of Minnesota. The defendant is a licensed saloon keeper in the city of Duluth. The plaintiff, in company with a white man, and upon his invitation, entered the saloon of defendant, who was requested to serve them with beer. He served the white man, and refused to serve the plaintiff, solely on the ground of his race and color. This action was brought to recover damages for the personal indignity, under the civil rights act of

the state set forth in the majority opinion. The statute is conceded to be constitutional, and the only question is whether this case is within its purview. I admit that the failure to specifically mention "saloons" in the statute is an important fact to be considered in construing it; but if, notwithstanding this fact, its meaning is clear, and it is manifest that the legislature intended to place saloons within the statute, then we must give effect to such intention. The question is not whether there are or are not good reasons why the statute ought not to apply to saloons, but does it?

Two reasons are suggested in the opinion of the court why the statute ought not to be construed as applicable to saloons.

The first is that legislation on the liquor traffic is restrictive, and seems to proceed upon the theory that it is an evil, and should be restricted to the smallest practical limits. Granted; but this is no reason why the basis of limitation should be creed or color, or why saloons should be licensed and policed for the exclusive benefit of the white race. The statute does not make it a crime for one man to refuse to furnish another with intoxicating liquor, but it makes it a misdemeanor to discriminate against him, on account of his color, by denying him for such reasons privileges which are granted to others.

The second reason suggested is that the promiscuous entertainment of persons of both races in places where intoxicating liquors are sold is liable to result in disorder and personal conflict. But it would seem that discriminations in such places on account of color or creed would be quite as likely to provoke breaches of the peace as the enforcement of equality as to privileges therein would be. However this may be, it is certain that the legislature did not regard the suggested reason a good one, for the statute expressly specifies places where intoxicating liquors are sold. It provides, with other matters, that any one who denies to any person, because of race, creed or color, or previous condition of servitude, "the full and equal enjoyment of any of the accommodations * * * and privileges * * * of any * * * restaurant, * * * or other place of public refreshment" or "accommodation," shall be guilty of a misdemeanor.

The statute was intended to cover places other than those spe-

cifically mentioned. Effect must be given to the general terms, and other places held to be within the purview of the statute. What other places of refreshment and accommodation? Clearly places of the same general class or kind as those specially enumerated. Now, a restaurant and saloon are ejusdem generis, when the words are used in their popular meaning, as they are in this statute. They are places to which the public are invited for refreshments in the form of food or drink, or both, as is often the case with restaurants. Why saloons were not specially mentioned in the statute, I do not know, unless it was for the purpose of euphemising the legislative intent as to them. But, whatever may have been the reason, I am of the opinion that the statute will not admit of any reasonable construction which will exclude saloons from its general terms.

COLLINS, J. (dissenting).

I am also compelled to dissent. The purpose of the statute, if it has any at all, is to confer equal rights upon the colored man in all public places. It expressly provides that colored persons shall have equal accommodations, advantages, privileges and facilities at all inns, hotels and restaurants, and "other places of public resort, refreshment, accommodation, or entertainment." In view of this positive enactment, would it be held that an inn or an hotel, or a restaurant, in which liquors are kept for the express purpose of serving at the tables when called for, could lawfully refuse to furnish those articles to a man, properly seated at table, because of his color? I think not; and, if so, it seems as if the saloon is to be regarded as a sort of sanctuary, not to be profaned by the admission and entertainment of the colored man. I am quite sure that all of the objections urged against the mingling of the races in the saloon are equally as potent when the same people are brought together in any place where liquors are served as a beverage. I am decidedly of the opinion that the saloon is one of the "other places of public resort, refreshment, accommodation or entertainment" mentioned in the law. If it is not, what place is?