## STATE v. FRED C. BRENDEKE.[1]

February 15, 1924.

No. 23,790.

**Construction of Prohibition Act as to punishment for second offense.**

1. Laws 1919, c. 455, § 25 (a), as amended by Laws 1921, c. 391, prescribes a severer punishment for the offense of selling liquor after conviction of a first offense. Section 25 (e) prescribes a severer punishment, different from subdivision (a), for a violation of any provisions of the act for which no special penalty is prescribed when there has been a prior conviction for a first offense. It is *held* that the provision of subdivision (a) for punishment of a second offense applies only where there has been a prior conviction under that subdivision, and that subdivision (e) has no application to offenses under subdivision (a), a special penalty being prescribed therefor.

**Information must allege the prior conviction.**

2. The prior conviction must be alleged in the information.

**Information insufficient.**

3. An information charging a sale under section 25 (a), and alleging a conviction of "violating the liquor laws of the state of Minnesota," is insufficient. The information must show a conviction for an offense under subdivision (a). Nor was there proof of such a prior conviction as section 25 (a) makes a prerequisite to increased punishment.

By information of the county attorney of Pennington county defendant was charged with the unlawful sale of intoxicating liquor. Defendant pleaded not guilty. The case was tried before Grindeland,

[1] Reported in 197 N. W. 273.

J., and a jury which found defendant guilty as charged in the information. From an order denying his motion for a new trial, defendant appealed. Reversed.

*Boughton & Boughton*, for appellant.

*Clifford L. Hilton*, Attorney General, and *Theodore Quale*, County Attorney, for respondent.

DIBELL, J.

The information of the county attorney of Pennington county, presented on June 26, 1923, charged the defendant with selling intoxicating liquor on March 21, 1923; and it alleged that on July 6, 1921, he was convicted in the district court of Pennington county "of violating the liquor laws of the state of Minnesota." The jury was instructed that it must find the sale of March 21, 1923, and the conviction of July 6, 1921, in order to find the defendant guilty. It returned a verdict of guilty. The defendant appeals from the order denying his motion for a new trial.

1. Section 25 (a) of Laws 1919, p. 547, c. 455, as amended by Laws 1921, p. 598, c. 391, is as follows:

"Any person who shall manufacture or sell liquor   *   *   *   in violation of this act shall upon conviction for a first offense be punished by imprisonment in the county jail   *   *   *   and by a fine   *   *   *   and for a second offense and each subsequent offense shall be punished by imprisonment   *   *   *   and by a fine"   *   *   *

Section 25 (e) as amended is as follows:

."Any person who shall wilfully fail or neglect to perform any duty imposed by this act or who shall violate any of the provisions thereof, for which no special penalty or forfeiture is prescribed herein shall upon conviction thereof for a first offense be punished by imprisonment in the county jail   *   *   *   and by a fine   *   *   *   and for a second and each subsequent offense shall be punished by imprisonment in the county jail   *   *   *   and by a fine"   *   *   *

These two provisions are substantially those of the National Prohibition Act, § 29, tit. 2, c. 85, 41 St. 307, 316.

The information is under section 25 (a). The offense alleged is the sale of liquor on March 21, 1923. The former conviction is alleged to have been had on July 6, 1921, for "violating the liquor laws," but what law was offended is not stated.

The language of section 25 (a) is susceptible of no meaning other than that the first offense is an offense such as is defined by that subdivision.

The state refers to section 25 (e). That subdivision does not aid its case. It refers to offenses for which the act prescribes no penalty, and subdivision (a) prescribes a penalty for the offenses which it defines. In referring to the first and second paragraphs of section 29 of the Volstead Act, which correspond to section 25 (a) and section 25 (e) of our statute, in Dusold v. U. S. 270 Fed. 574, the court said:

"By the first paragraph of this section, the maximum and minimum penalties were prescribed for those who violated the law either by the manufacture or by the sale of 'liquor'. By the second paragraph, the other offenses for which no specific penalty had been fixed were covered. The second paragraph cannot apply to sales of liquor because a specific penalty therefor has already been prescribed in the preceding paragraph."

2. The prior conviction must be alleged in the information and must be found by the jury. This is the holding of our court under statutes providing for an increased punishment upon the conviction of an offense when the defendant has formerly been convicted. State v. Findling, 123 Minn. 413, 144 N. W. 142, 49 L. R. A. (N. S.) 449; State v. Reed, 132 Minn. 295, 156 N. W. 127.

Section 25 of the statute, like section 29 of the Volstead Act, has this provision:

"It shall be the duty of the prosecuting officer to ascertain whether the defendant has been previously convicted and to plead the prior conviction in the affidavit, information, or indictment."

In Massey v. United States, 281 Fed. 293, 297, the court, referring to this provision and citing many cases bearing upon the necessity

of an allegation of a prior conviction under statutes giving an increased penalty upon a second conviction, says:

"It is the established rule, under such statutes, unless the statute designates a different mode of procedure, that, if the prosecutor desires to invoke the severer punishment provided as to second or subsequent offenders, the indictment or information must allege the fact of the prior conviction, and the allegation of such conviction must be proved in the trial to the jury.  *  *  *  The accused is entitled to have the exact charge against him stated in the indictment or information, and to have the verdict of the jury upon the fact of a prior conviction for the same offense, and of his identity with the person so convicted, and it is the duty of the government which prosecutes to allege and prove the existence of the prior conviction of the accused as a fact that may cause a severer penalty to be imposed."

3. An allegation that the defendant was convicted "of violating the liquor laws of the state of Minnesota" is insufficient. It does not show of what one of several offenses he was convicted. It does not show a conviction under section 25 (a), and so does not show that he is subject to an increased penalty. He is not informed what he must meet, nor was there proof of a conviction under section 25 (a). The defendant admitted on cross-examination that he was convicted on July 6, 1921, in the district court of Pennington county "of a violation of the liquor laws of the state of Minnesota." He said: "I was convicted once of having liquor in my possession." This was all the proof. When the state rested there was none. That elicited on cross-examination was proper as affecting his credibility. Neither the allegation of the information nor the evidence was sufficient to sustain a conviction of a second offense under section 25 (a).

The evidence is conflicting. The testimony of the person to whom it is alleged that the liquor was sold is considerably discredited. The verdict is sustained by the evidence, and it would not be disturbed but for the matters which we mention. Upon full consideration, in view of the likelihood of prejudice having resulted to the

defendant, we think there should be a new trial rather than a remand for a sentence as for a first offense.

Order reversed.