## STATE v. LOUIS CAVETT.[1]

June 17, 1927.

No. 26,021.

**When conviction under a statute is not a bar to a prosecution under a city ordinance.**

1. The same acts may constitute an offense against a statute and also a violation of a city ordinance, in which case a conviction under one is no bar to a prosecution under the other.

**Proof of fornication proves a violation of city ordinance prohibiting lewdness.**

2. Acts showing fornication prove a violation of an ordinance of the city of Minneapolis prohibiting lewdness and indecency.

**Statements of woman to police officers at time of arrest properly received.**

3. The statements of the woman to the police officers, made in the presence and hearing of defendant when he was apprehended in the act of violating the ordinance, were properly received.

Criminal Law, 16 C. J. p. 282 n. 12; p. 658 n. 18.
Lewdness, 36 C. J. p. 1035 n. 24.
Municipal Corporations, 28 Cyc. p. 698 n. 98.

[1]Reported in 214 N. W. 479.

Defendant appealed from a judgment of the municipal court of Minneapolis, White, J.   Affirmed.

*W. T. Francis* and *Sam J. Levy,* for appellant.

*Neil M. Cronin,* City Attorney, and *Arthur P. Jensen,* Assistant City Attorney, for the state.

HOLT, J.

Defendant was convicted of a violation of a city ordinance and appeals.

The same acts involved in the statutory offense of fornication, for which defendant was tried and convicted, the conviction being affirmed on appeal (State v. Cavett, supra, page 222), serve as the basis for the present conviction under the city ordinance.   That a person may be prosecuted and convicted for an act denounced as a crime by a statute and also be liable to prosecution therefor under a municipal ordinance which makes the same act an offense is thoroughly settled law since State v. Lee, 29 Minn. 445, 13 N. W. 913.   See City of Virginia v. Erickson, 141 Minn. 21, 168 N. W. 821, for citation of authorities.

The part of the city ordinance under which the prosecution was had reads:   "No person shall, within the limits of the city of Minneapolis * * * (d) receive or offer or agree to receive, or carry, or offer or agree to carry, any person to or into any place, structure, house, building or conveyance for the purpose of prostitution, assignation, lewdness, or other indecent act, or knowingly permit any person to remain there for any such purpose."   There can be no possible doubt that admitting a woman, with whom defendant claimed no marital relation, to his home and bed, constitutes an infraction of this ordinance.

Nor is there any merit in the contention that it was improper to receive in evidence the statements made by the woman in the presence of defendant when the police officers entered the house and found the parties as stated.

The conviction is affirmed.