## C. ARTHUR JOHNSON v. SIMON PETERSON.[1]

June 17, 1927.

No. 26,105.

**Conditional sales note for automobile construed.**
1. Under the conditional sales note given for an automobile, the maker of the note agreed that title to the car should remain in the payee until fully paid for by furniture when demanded of the maker.

**Evidence insufficient to show passing of title to furniture.**
2. The evidence does not show that title to the furniture passed as a matter of law to the payee of the note, so that the note was thereby paid.

**Verdict as to value of car sustained.**
3. The evidence sustains the verdict of the value of the automobile at the time this action for replevin thereof was brought.

Sales, 35 Cyc. p. 702 n. 61, 64 New.

[1]Reported in 214 N. W. 479.

Defendant appealed from an order of the district court for Goodhue county, Albert Johnson, J., denying his alternative motion for judgment or a new trial. Affirmed.

*Albert Mohn,* for appellant.

*Bentley & Christianson,* for respondent.

HOLT, J.

The appeal is from the order denying defendant's motion in the alternative for judgment non obstante or a new trial.

The action was in replevin for an automobile sold by plaintiff to defendant pursuant to a conditional sales note for $648, dated March 8, 1926, the here material parts reading:

"This note is given on account of the purchase of Star 6 Coach, 4218 Motor No. to be paid in furniture on demand, subject to the express agreement and condition that the title, ownership and right to possession of said property shall be and remain in the holder of this note until this note and the interest thereon are paid in full; that the holder hereof shall have the power to declare this note due and payable at any time that it shall deem itself insecure and may thereupon take possession of said property even before the maturity of this note."

Appellant claims that "the property," the title of which is to remain in plaintiff until payment of the note, is the furniture to be applied in payment and not the automobile. The words in the writing are not arranged to give the clearest expression to the intention of the parties. But when the situation of the parties and the writing are considered, no doubt arises that the automobile was the property to which plaintiff should retain title until the note was paid by furniture. No sense or reason appears for such a construction as is claimed by appellant.

Defendant earnestly contends that the evidence is conclusive that certain furniture was selected by plaintiff and set apart in payment of the conditional sales note, and that title thereto passed. Of course, if that be so, the title to the automobile at the same time passed to defendant. Defendant did not ask that the question of

the passing of title to the furniture be submitted to the jury. Nor was it submitted. The only issues for the jury were whether or not a demand for the furniture had been made of defendant, if demanded had defendant refused to deliver, and, lastly, the value of the automobile. We do not think it can be said as a matter of law that the title to the furniture passed by the incidents in relation to selecting certain articles in the store where defendant worked. The facts as claimed by plaintiff were that he and his wife selected certain furniture which he was willing to take in payment of the note. This furniture was then in the furniture store conducted by a corporation in which defendant owned stock to the par value of $500. Defendant was a salesman in the store, and was the one who was with plaintiff when the furniture was picked out. The business of the corporation was conducted by one Graham. It was understood that the furniture selected should remain in the store until plaintiff started to keep house, which he was expected to do in about a month or two. In about a week or ten days after the note was executed, defendant sold his shares of stock to Graham and claims that the latter, for the corporation, gave defendant credit for the furniture selected by plaintiff and was to turn it over to plaintiff. Plaintiff was not a party to this settlement, nor is there any evidence of a novation of parties whereby Graham or the corporation was accepted by plaintiff as the one from whom he was to receive the furniture, or that Graham or the corporation became bailees of the furniture from plaintiff. In about a month after the execution of the note, plaintiff demanded the furniture of defendant. It was then found that the store had sold or disposed of some of the articles selected. Plaintiff refused to select or receive others in their place, and this action followed. With plaintiff's evidence in the case that he was not a party to the deal between defendant and Graham, and that he could not get the furniture on demand from defendant because part had been disposed of, it is clear that it was not error to refuse to direct a verdict in favor of defendant. Delivery is not always necessary to the passing of title to personal property. Circumstances sur-

rounding the transaction may indicate an intention of the parties that title should pass. A salesman in a store setting aside property not owned by him and not paid for can hardly be taken as proof of an intention on the part of the true owner to pass title thereto. Graham was not a witness; a sales slip signed by him, never tendered to or seen by plaintiff, did not bind the latter in any manner. Defendant contended plaintiff selected the furniture a day or two before he made the arrangement with Graham to pay for it. Plaintiff and his wife testified that such tentative selection was made a day or so before the sales note was executed.

The only other point made is that the evidence fails to sustain the verdict as to value. One witness testified the automobile was worth $550. The jury found the value to be "$625.32, plus $22.68 interest on $648 for seven months." The parties had agreed that it was worth at least $648 when the note was executed. The verdict is somewhat objectionable in form, but in substance it may not be said to be without adequate support as to amount.

The order is affirmed.