## STATE v. WILLIAM FIGGE.[1]

May 17, 1929.

No. 27,383.

*Bundlie & Kelley,* for appellant.

*G. A. Youngquist,* Attorney General, *James E. Markham,* Deputy Attorney General, and *E. R. Selnes,* County Attorney, for the state.

TAYLOR, C.

Defendant was convicted of violating the law for the preservation and protection of game and appeals from the judgment.

The facts are admitted. Lake Emily is a shallow lake in Pope county about four miles in length and between one and two miles in width, and is conceded to be "public waters" within the meaning of the law. The lake is not over four feet in depth at any point and the bottom is covered with vegetation, much of which is wild celery upon which canvasback and other ducks feed. The lake is used

[1]Reported in 225 N. W. 430.

principally for hunting. Defendant owns a tract of land on the shore of this lake. A former owner had built an embankment extending from a point on this land into the lake about 300 feet. Defendant extended this embankment into the lake about 200 feet farther and constructed two permanent blinds on the outer end of it. As now existing the embankment is about 500 feet in length, and the surface above the water is from four to seven feet in width. It was constructed solely for the purpose of according facilities for shooting waterfowl. Defendant admits that he shot wild ducks in the open season from the permanent blind at the end of the embankment, and the sole question presented is whether such shooting constituted a violation of the game law.

The statute reads in part:

"Waterfowl may be taken during the open season from any place on land from a stationary or permanent artificial blind used to conceal the hunter, when located on land, but not from a permanent artificial blind placed anywhere in public waters and may also be taken from a temporary but stationary blind or from a boat or canoe propelled by paddle, oar or pole (other than a sail or power boat), when the same is within a natural growth of weeds, rushes, flags or other vegetation, sufficient to partially conceal the hunter, but may not be taken from power or sail boats or upon the open water, or from aeroplanes, or from sink boxes built in public waters. Rifles may not be used in taking waterfowl. * * * Entering open water in a boat or canoe for the purpose and with the intention of causing a flight of birds resting thereon is forbidden." G. S. 1923, § 5556, as amended, 1 Mason Minn. St. id.

Defendant invokes the common law rule that penal statutes are to be strictly construed, and that doubts as to whether the act charged is within the class of acts prohibited are to be resolved in favor of the accused. He claims that his blind being on an embankment rising above the surface of the water is located on land within the meaning of the statute, although the place where the blind is built would be within the public waters of the lake except for the embankment; and further claims that the doubt as to

whether the law permits the artificial creation of land in public waters for the purpose of erecting a blind thereon should be resolved in his favor.

G. S. 1923 (2 Mason, 1927) § 9908, being R. L. 1905, § 4749, reads:

"The rule that a penal statute is to be strictly construed shall not apply to any provision of Part IV of the Revised Laws, but every such provision shall be construed according to the fair import of its terms, to promote justice and effect the purpose of the law."

Defendant urges that § 9908 does not apply to the law here in question for the reason that this law was not contained in Part IV of the Revised Laws. It is true that this law is not found in the Revised Laws for it is a subsequent enactment. But Part IV of the Revised Laws contained the entire penal code, and the rule stated applied to all crimes defined therein. There can be no doubt that the legislature enacted this provision for the purpose of declaring the rule to be followed in construing penal statutes. This provision directs that a penal statute "shall be construed according to the fair import of its terms, to promote justice and effect the purpose of the law," and is in accord with the trend of all courts even in the absence of a statute. In Roschen v. Ward, 279 U. S. 337, 49 S. Ct. 336, 73 L. ed. 392, the federal supreme court said:

"We agree to all the generalities about not supplying criminal laws with what they omit, but there is no canon against using common sense in construing laws as saying what they obviously mean."

The statute here in question permits the taking of waterfowl from a permanent artificial blind located on land, but not from such a blind placed anywhere in public waters. That a blind at the place where defendant built his blind would be in the public waters of the lake in the absence of the artificial embankment is undisputed; and the case narrows to the question whether the statute permits waterfowl to be taken from a blind at that place if erected upon an artificial embankment constructed for the purpose of placing the blind thereon. We are of opinion that it does not. The statute prohibits

the taking of wild animals including waterfowl except as permitted by the act. G. S. 1923 (1 Mason, 1927) § 5497. It permits the taking of waterfowl from permanent blinds located on land, and from temporary but stationary blinds or rowboats or canoes when the same are within a natural growth of weeds or rushes sufficient partially to conceal the hunter, but expressly prohibits taking them from a sink box in public waters, or upon the open water, or by the use of a rifle, and forbids entering open water with a boat for the purpose of causing a flight of birds resting thereon. The intention to protect the birds while resting in open water is plain. The statute contains no provision which can be construed as giving a hunter permission to make artificial land in open water for the purpose of erecting a blind thereon from which to take waterfowl, and to hold that he may do so would be to disregard the obvious purpose of the statute.

Defendant claims that being a riparian owner he had the legal right to build and maintain the embankment; while the state claims that the embankment as constructed constitutes a public nuisance. That question does not seem to be of importance in this case, for the legislature has plenary power to control, restrict and regulate the taking of waterfowl, and they can be lawfully taken only at the times, in the places and in the manner permitted by the statute.

We find no errors in the charge or rulings, and reach the conclusion that the judgment must be and it is affirmed.