## STATE v. ANDERSON

No. 4923.   Decided April 8, 1930.   (286 P. 645.)

*A. E. Moreton,* of Salt Lake City, and *Wm. F. Knox,* of Beaver, for appellant.

*George P. Parker,* Attorney General, and *L. A. Miner,* Assistant Attorney General, for the State.

CHERRY, C. J.

The defendant was convicted of persistent violation of the State Prohibition Act, and appeals upon the judgment roll,

which contains no bill of exceptions. He says the information upon which he was tried does not state a public offense, and that the trial court in its instructions erroneously failed to make a distinction between intoxicating liquor and vinegar.

The information, so far as material here, charges that the defendant, on February 24, 1929, did willfully, unlawfully, and feloniously have intoxicating liquor in his possession, and that on January 20, 1928, he had been convicted in a precinct justice's court of having the unlawful possession of intoxicating liquor. The objection is that the information does not allege that the unlawful possession charged was without a permit or authority of law and that the allegation of the previous conviction is defective because it does not specify a conviction under the state statute.

The offense of unlawful possession of intoxicating liquor is thus defined by Comp. Laws Utah 1917, § 3343: "It shall be unlawful for any person within this state knowingly to have in his or its possession any intoxicating liquors, except as in this title provided."

A charge of this offense need not negative the exception, as the same is no ingredient or element of the offense. 31 C. J. 720; *McKelvey* v. *United States*, 260 U. S. 353, 43 S. Ct. 132, 67 L. Ed. 301.

Neither does it matter whether the previous conviction was for the violation of the state statute or of a city ordinance prohibiting unlawful possession, etc. In either case the person so convicted is a persistent violator if he thereafter violates the state law. Comp. Laws Utah 1917, § 3345, as amended by Laws Utah 1925, c. 10.

The objection to the instructions is groundless. Besides, there are no exceptions. The appeal has no merit.

JUDGMENT AFFIRMED.

STRAUP, ELIAS HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.