### STATE v. JOHN WILSON.[1]

May 8, 1942.

No. 33,184.

*Eugene A. Rerat* and *Walter J. Welch,* for appellant.

*R. S. Wiggin,* City Attorney, and *Leo P. McHale,* Assistant City Attorney, for the State.

PER CURIAM.

John Wilson, a bartender in the Golden Leaf Bar, was convicted of selling intoxicating liquor on Sunday contrary to an ordinance of the city of Minneapolis. His appeal to this court challenges the sufficiency of the evidence and also contains the contention that there was a fatal variance between the offense charged by the complaint and the offense proved.

We think the evidence established in a degree sufficient to persuade a trier of fact that defendant, on Sunday, in response to a request from two officers, sold them a bottle of gin which they removed from the premises. The evidence to the contrary provided no more than a contrary inference and was by no means conclusive.

As to the asserted variance, the defendant was charged with the illegal "selling [of] intoxicating liquor on Sunday." However, since the defendant's employer had no license to sell liquor "off sale" (*i. e.,* in bottles for consumption off the premises) and there was no proof that an illegal "on sale" had been made (*i. e.,* by the glass for consumption on the premises), it is claimed that the only charge justifiable under the evidence was the selling of liquor without a license rather than the selling of liquor on Sunday contrary to license. Since the prosecution did not try the case upon the former ground, therefore it is said that there is a fatal variance between what was charged and what was proved.

Viewed technically and hypercritically, it may be said that a variance exists. However, the gravamen of the complaint was the illegal selling of liquor. This was established either by showing a sale of liquor without a license or that the sale was made

on Sunday. Proof that the sale was made on Sunday obviated any necessity of proof that it was sold without a license, because any sale of liquor on Sunday either by the bottle or by the drink is illegal. Consequently, it was proved that defendant made an illegal sale of liquor. Of this charge he was adequately apprised by the complaint.

Moreover, the technicalities required by the law as protection to a defendant asked to answer for a crime against the state do not obtain in prosecutions for violation of municipal ordinance. Such "proceedings must of necessity be more or less summary and informal, and so long as the substantial or constitutional rights of persons charged are not infringed or violated, convictions cannot be reversed for mere irregularity." State v. Olson, 115 Minn. 153, 156, 131 N. W. 1084, 1085; State v. Jamieson, 211 Minn. 262, 300 N. W. 809.

Judgment affirmed.

[1]Reported in 3 N. W. (2d) 674.