## STATE v. OTTO GOTTFRED END.[1]

December 22, 1950.

No. 35,336.

---

[1]Reported in 45 N. W. (2d) 378.

J. A. A. *Burnquist,* Attorney General, *Ralph A. Stone,* Assistant Attorney General, *James F. Lynch,* County Attorney, and *Richard B. Ryan,* Assistant County Attorney, for the State.

*John I. Levin,* for defendant.

CHRISTIANSON, JUSTICE.

This case is before us on a certified question after the defendant had been sentenced in the district court for the crime of indecent exposure under M. S. A. 617.23.

The information alleged that on May 4, 1950, in the city of St. Paul, defendant did "wrongfully, unlawfully, wilfully and lewdly expose his person and the privates thereof at or near the intersection of Rice Street and Aurora Avenue, a public place in the said City, * * * where persons other than the said Otto Gottfred End were then and there present; *further that on July 7, 1947 said defendant * * * was convicted by the Municipal Court of the City of Minneapolis,* State of Minnesota of the offense of Indecent Exposure, contrary to the statutes in such case made and provided and against the peace and dignity of the State of Minnesota." (Italics supplied.) Subsequently, the information was amended to show that the prior conviction on July 7, 1947, was for violation of a municipal ordinance of the city of Minneapolis and not for violation of the state statute. Thereafter, defendant pleaded guilty to the information as amended and moved the district court to find defendant guilty only of a misdemeanor. The motion was denied, and sentence was imposed under § 617.23 for a *gross* misdemeanor. The term of the sentence exceeded that permissible for a misdemeanor. Section 617.23 reads as follows:

"Every person who shall wilfully and lewdly expose his person, or the private parts thereof, in any public place, or in any place where others are present, or shall procure another to so expose himself, and every person who shall be guilty of any open or gross lewdness or lascivious behavior, or any public indecency other than hereinbefore specified, shall be guilty of a misdemeanor, and punished by a fine of not less than $5.00, or by imprisonment in a county jail for not less than ten days.

*"Every person committing the offense herein set forth, after having once been convicted of such an offense in this state, shall be guilty of a gross misdemeanor."* (Italics supplied.)

The question certified to us by the district court as important and doubtful is as follows:

"Whether under Section 617.23, Minnesota RS, 1949 [M. S. A. 617.23], the previous conviction of this defendant for a violation of an ordinance of the City of Minneapolis as set forth in said information, as amended, is such previous offense as to constitute the offense here charged a gross misdemeanor rather than a misdemeanor, * * *."

The state contends that defendant's prior conviction under the ordinance is a conviction "of such an offense in this state" within the meaning of the last paragraph of § 617.23. Defendant contends that these words apply only to a previous conviction under the statute and have no application to a prior conviction for indecent exposure under a municipal ordinance. The district court answered the question certified in the affirmative.

The question is one of first impression in this state. In answering it we will assume, as requested by the state and conceded by defendant's counsel, "that the act of the defendant here charged and the act for which he was convicted in 1947 were identical" and "that the prohibitory language of both the statute, Section 617.23, and the ordinance is the same and either would apply to the facts in both cases."

The first paragraph of § 617.23 enumerates a number of acts as constituting misdemeanors under the statute, namely, (1) wilfully and lewdly exposing the person, or the private parts thereof, in any public place, or in any place where others are present (the offense charged in the information here and the act of indecent exposure for which defendant was previously convicted under the ordinance); (2) procuring another to so expose himself; (3) open or gross lewdness or lascivious behavior; and (4) any public indecency other than hereinbefore specified.

The legislature by amendment in 1931 added to the statute the provisions of the second paragraph thereof,[2] reading as follows:

"Every person committing the offense herein set forth, *after having once been convicted of such an offense in this state,* shall be guilty of a gross misdemeanor." (Italics supplied.)

In determining whether it was the intent of the legislature to include therein prior convictions under a municipal ordinance for acts of indecent exposure as well as prior convictions under the statute, consideration must be given to the language used, the difference between a violation of a penal statute and a municipal ordinance, and the applicable rules of statutory construction.

The general rule of construction to be applied to penal statutes is stated in § 610.03 as follows:

"The rule that a penal statute is to be strictly construed shall not apply to any provision of Part V of the Minnesota Statutes [§§ 610.01 to 643.29], but every such provision shall be construed according to the fair import of its terms, to promote justice and effect the purpose of the law."

Pertinent rules established by our legislature for construing statutes are set out in § 645.08, which provides in part:

"In construing the statutes of this state, the following canons of interpretation are to govern, unless their observance would in-

---

[2]L. 1931, c. 321.

volve a construction inconsistent with the manifest intent of the legislature, or repugnant to the context of the statute:

"(1) Words and phrases are construed according to rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a special meaning, or are defined in this chapter, are construed according to such special meaning or their definition;

\* \* \* \* \*

"(3) General words are construed to be restricted in their meaning by preceding particular words;"

Our answer to the question certified is dependent upon the interpretation to be given the statutory words "after having once been convicted of *such an offense* in this state." (Italics supplied.)

The word "such" when used as an adjective, as here, is defined as meaning of the sort or degree previously indicated or contextually implied; having the quality already or just specified. Webster's New International Dictionary (2 ed.) (1947) p. 2518. See, "Such," 40 Wd. & Phr. (Perm. ed.) 557; United States v. Legg (4 Cir.) 157 F. (2d) 990, 992.

"The term 'offence,' in criminal law, is not identical in meaning with the word 'act.' It imports, in its legal sense, an infraction of a law—the wilful doing of an act which is forbidden by law or omitting to do what the law commands. *The same act may transgress two distinct laws, as, for example, a state and a federal law or a municipal ordinance and a state law. If so there are two offences and both may be punished.*" (Italics supplied.) 2 Dunnell, Dig. § 2426.

As stated by this court in State v. Robitshek, 60 Minn. 123, 124, 61 N. W. 1023, 33 L. R. A. 33:

"\* \* \* It has repeatedly been decided by this court, as it has elsewhere, that municipal ordinances are not criminal statutes; that violations thereof are not crimes, nor are such violations governed by the rules of the criminal law, save in certain specified

exceptional particulars. [Citing many Minnesota cases.] Prosecutions thereunder are in the name of the state by express provision of the charter, as a matter, probably, of convenience; and they are, at most, merely quasi criminal in form. *They are simply local police regulations or by-laws for the government of the municipality, and have no reference to or connection with the administration of the criminal laws of the state.*" (Italics supplied.)

A violation of a municipal ordinance is not an offense against the state, but only against the municipality enacting it.[3] Thus, an act may be punishable under both the general law and a municipal ordinance (see State v. Cavett, 171 Minn. 505, 214 N. W. 479), and a conviction under the ordinance is not a bar to a prosecution under the general law. See, 2 Dunnell, Dig. & Supp. § 2412, and the many cases cited under notes 69 and 70. This court has held that violations of an ordinance need not be proved beyond a reasonable doubt,[4] and that such proceedings are not subject to or governed by the technicalities protecting defendants who are asked to answer for a crime against the state.[5] Likewise, constitutional and statutory provisions having reference to criminal prosecutions by the state have been held inapplicable to violations of municipal ordinances unless otherwise provided by statute or constitutional provision.[6]

---

[3] 4 Dunnell, Dig. & Supp. § 6801. See, 62 C. J. S., Municipal Corporations, § 316, and cases cited under notes 66 and 67; 43 C. J., Municipal Corporations, § 608, and cases cited under notes 25 and 26.

[4] State v. Jamieson, 211 Minn. 262, 300 N. W. 809; State v. Nelson, 157 Minn. 506, 196 N. W. 279; City of St. Paul v. Keeley, 194 Minn. 386, 260 N. W. 357; City of Red Wing v. Nibbe, 160 Minn. 274, 199 N. W. 918.

[5] State v. Siporen, 215 Minn. 438, 10 N. W. (2d) 353; State v. Wilson, 212 Minn. 380, 3 N. W. (2d) 677; State v. Jamieson, 211 Minn. 262, 300 N. W. 809; State v. Olson, 115 Minn. 153, 131 N. W. 1084.

[6] 43 C. J., Municipal Corporations, § 608, notes 30 and 31, citing State v. Lee, 29 Minn. 445, 13 N. W. 913, and Village of Crosby v. Stemich, 160 Minn. 261, 199 N. W. 918, and other cases; 62 C. J. S., Municipal Corporations, § 316, and cases cited under notes 72 and 73.

The rule of *ejusdem generis*,[7] that "where words particularly designating specific acts or things are followed by and associated with words of general import, comprehensively designating acts or things, the latter are generally to be regarded as comprehending only matters of the same kind or class as those particularly stated," is especially applicable to statutes defining crimes and regulating their punishment. See, State v. Walsh, 43 Minn. 444, 445, 45 N. W. 721; State v. Shaw, 39 Minn. 153, 39 N. W. 305; Berg v. Baldwin, 31 Minn. 541, 18 N. W. 821; First Nat. Bank v. United States (8 Cir.) 206 F. 374, 46 L.R.A.(N.S.) 1139. "The principal underlying rule of *ejusdem generis* is that the legislature had in mind things of the same kind and was speaking of them as a class." Foley v. Whelan, 219 Minn. 209, 216, 17 N. W. (2d) 367, 371. Likewise, this court has said that words used in an amendatory statute are presumed to be used in the same sense in which they were used in the original enactment. State v. Johnson, 74 Minn. 381, 384, 77 N. W. 293, 294.

Section 645.16, relating to construction of laws, reads in part as follows:

"The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature. * * *

*"When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit."* (Italics supplied.)

---

[7]See, School Dist. No. 30 v. Consolidated School Dist. No. 30, 151 Minn. 52, 56, 185 N. W. 961, 963; Rhone v. Loomis, 74 Minn. 200, 204, 77 N. W. 31, 32; State v. McCrum, 38 Minn. 154, 36 N. W. 102, for cases where rule of *ejusdem generis* is applied to interpret words of general meaning in statutes. However, the rule should not be applied "to defeat the obvious purpose of legislation." Gooch v. United States, 297 U. S. 124, 128, 56 S. Ct. 395, 397, 80 L. ed. 522, 526; Orme v. Atlas Gas and Oil Co. 217 Minn. 27, 39, 13 N. W. (2d) 757, 765. See, Benson v. C. St. P. M. & O. Ry. Co. 75 Minn. 163, 167, 77 N. W. 798, 799.

Our decisions are to the same effect. See, 6 Dunnell, Dig. & Supp. §§ 8938 to 8997; 2 Dunnell, Dig. & Sup. § 2417. As stated in Anderson v. Burnquist, 216 Minn. 49, 53, 11 N. W. (2d) 776, 778;

"* * * When called upon to construe a penal statute, courts should not go beyond the clear meaning of the statute and spell out something not plainly indicated by the language used. Courts are obliged to exhaust the rules of construction to ascertain the legislative intent."

Thus, this court has held that all reasonable doubts should be resolved in favor of the accused unless the language is plain.[8] It is not enough that the case be within the apparent reason and policy of a penal statute.[9]

In this case, had the legislature intended to include prior convictions under a municipal ordinance for indecent exposure, it could easily have said so.[10] The fact is that the legislature, in

---

[8]State v. Whipple, 143 Minn. 403, 173 N. W. 801; Anderson v. Burnquist, 216 Minn. 49, 11 N. W. (2d) 776; State v. Figge, 177 Minn. 483, 225 N. W. 430; State v. Mims, 26 Minn. 191, 2 N. W. 492. For a discussion of the controlling considerations in the construction of criminal statutes, see, 48 Harv. L. Rev. 748.

[9]State v. Small, 29 Minn. 216, 12 N. W. 703; State v. Finch, 37 Minn. 433, 34 N. W. 904; State v. De Guile, 160 Minn. 191, 199 N. W. 569; State ex rel. Shenk v. State Board of Examiners, 189 Minn. 1, 250 N. W. 353.

[10]In State v. Anderson, 75 Utah 496, 286 P. 645, increased punishment was sustained under a Utah statute (Laws 1925, c. 10) providing: "A person having once been convicted * * * for having violated any city ordinance prohibiting * * * possession [of] intoxicating liquor, * * * and who thereafter violates any of the provisions of this title, shall be considered a persistent violator of this title as provided in this section." See, also, State v. Hurst, 59 Utah 543, 205 P. 335.

In Riddick v. City of Newport News, 141 Va. 568, 569, 127 S. E. 382, under a municipal ordinance providing: "For each and every violation of the provisions of this ordinance * * * the offender, upon conviction, shall be fined * * *. For any subsequent offense committed after the first conviction, * * * he shall be fined * * * [increased punishment]," it was held that a prior conviction under the state law was excluded. Cf. Faulkner v. Town of South Boston, 141 Va. 517, 127 S. E. 380.

amending the law, merely said: "Every person committing the offense herein set forth, after having once been convicted of such an offense in this state, shall be guilty of a gross misdemeanor." This language contemplates only a prior conviction under the state law. For us to read more into the statute would, in our opinion, be judicial legislation and amendment.

The cases construing habitual criminal and prior offender statutes in other states support this conclusion. They uniformly hold, where, as here, there is no clear legislative expression to the contrary, that a prior conviction under a municipal ordinance is not a prior conviction of a violation of an act of the legislature. State v. Marks, 97 Kan. 147, 154 P. 261; State v. Parris, 89 S. C. 140, 71 S. E. 808; Trivillion v. State, 195 Miss. 308, 15 So. (2d) 285; McKay v. Commonwealth, 137 Va. 826, 120 S. E. 138; Grimes v. State, 236 Wis. 31, 293 N. W. 925. See, Underhill, Criminal Evidence (4 ed.) § 822; 25 Am. Jur., Habitual Criminals, § 18, note 20; 48 C. J. S., Intoxicating Liquors, § 380 (b) (2), note 89, p. 595. Cf. Wiedner v. State, 59 N. J. L. 345, 36 A. 102; Faulkner v. Town of South Boston, 141 Va. 517, 127 S. E. 380; State v. Brendeke, 158 Minn. 239, 197 N. W. 273; Boroum v. State, 105 Miss. 887, 63 So. 297; State v. Ferguson, 83 Utah 357, 28 P. (2d) 175.

The question certified is answered in the negative.

So adjudged.